## JOHN B. WILSON v. BENJAMIN PORTER.

A sale made by a minor is not absolutely void.
An action to set aside a sale made during minority, must be brought by the minor after attaining the age of majority, or by his representatives—such an action being personal to the minor.

APPEAL from the District Court of the Parish of Ouachita, *Mayo*, J.

*Baker & Harris* and *J. T. Ludeling*, for plaintiff and appellant. *McGuire & Ray*, for defendant.

COLE, J. This is a petitory action; petitioner alleges he is the owner of a negro boy named "*Jim*," having purchased him by authentic act from *Mary Melinda Wilds*, wife of *Clark McDowell*, that one *Porter* has the slave in his possession, and has had illegal possession of him for three years.

He prays to be decreed his owner, and asks also for the value of his hire for three years.

*Porter* plead the general denial, and also averred that in 1843 he purchased the negro from the same vendor from whom plaintiff acquired his title, and has had him ever since in his possession.

*Mary M. McDowell* intervened, claiming the slave, and alleged she had sold him to the plaintiff one day after her majority to enable him to institute this suit against the defendant, and that he acted as her agent in its institution; and she demanded judgment in her favor for the slave. She further avers the sale was passed by her when she was a minor emancipated by marriage, and she was induced to execute the act by the fraud of defendant.

WILSON
v.
PORTER.

C. C. Henderson, W. P. Snow, under-tutor to Sarah E. Henderson and Sarah Henderson, surviving wife of James L. Henderson, deceased, also intervened, alleging themselves to be the legal proprietors of the property in contestation.

The judgment was in favor of defendant, quieting him in his title and possession of the slave " Jim," and against plaintiff and the intervenors.

The plaintiff and the intervenor, Mary M. McDowell, alone appealed, so that it is unnecessary to consider the intervention of the Hendersons.

The facts of the case are as follows :

On or before the 4th December, 1843, Mrs. McDowell, authorized and assisted by her husband, sold to the defendant the slave " Jim," then aged ten years.

The deed is not dated, but it was proved and recorded on the 4th of December, 1843.

On the 24th May, 1848, she, authorized and assisted by her said husband, executed to the plaintiff an act of sale of the boy " Jim," and other slaves. In this sale, for the consideration of five hundred dollars, she sold to plaintiff " all the right, title and interest," that she had in the following slaves, to wit : Lavinia and her two children, Jim and a girl, whose name is not mentioned, Daphne and her two children.

The validity of the sale to defendant is principally contested on the ground of the minority of his vendor, and the first question for our investigation is, whether the sale by a minor is essentially a nullity ; and second, if it is not, whether the right of action, to set it aside on account of minority, is personal, and can only be prosecuted by the minor, when arrived at the age of majority, or by his representatives.

1. The sale by an emancipated minor is not absolutely void, for it may be rendered valid by ratification, either expressed or implied, in the manner provided by law, C. C. Art. 1778 ; and the persons who have treated with a minor cannot plead the nullity of the agreement, if it is sought to be enforced by the minor, when his disability shall have ceased, C. C. 1785 ; further, the minor cannot make void the engagement which he had subscribed in his minority when once he has ratified it in his majority, whether that engagement was null in its form, or whether it was only subject to restitution. C. C. Art. 2225.

Art. 2218 of the Civil Code grants an " action of nullity or of rescission of agreements," by which a minor can, within a certain period after his majority, institute legal proceeding to annul acts passed by him in his minority.

As, then, a sale executed by a minor can afterwards be ratified, enforced or set aside by an action of nullity, it follows that it is not essentially null.

2. The plea of minority is personal and cannot be set up but by the minor, arrived at the age of majority, or his representatives, unless it might be also urged by the assignees of this personal right.

This principle cannot be doubted ; for the general rule is, that no one can institute an action but the party having a certain interest in its cause and issue ; but no one but the minor or his representatives are interested to rescind a sale on the ground of minority.

The vendor has rights of action against the vendee to avoid sales for such causes as error, fraud, violence, lesion, non-payment of the price.

If the vendor has not received the price of property sold by him he does not, by again disposing of it to a third party, transfer to the second vendee the right of action for the price due by the first vendee ; or, if a vendor could have a sale annulled for lesion, and had merely sold his rights to the property to a second vendee,

the latter could not sue the first vendee to have the transfer to him rescinded for lesion.

That the plea of minority is personal is clear, for if it be not specially urged, the sale by a minor is valid, unless it be null for other causes; the plea may be made or omitted by the party to a suit as may appear most beneficial to his interests.

In sales of property, affected by informalities on account of the non-observance of the laws relative to the transfer of the effects of minors, it has often been held, that such errors could not be pressed by the vendee for the purpose of annulling the sale, as the minor, when arrived at the age of majority, might not seek to rescind the sale on such grounds, and that such defences were personal to the minor or his representatives.

Inasmuch then as the plea of minority is personal, and the sale by a minor of his property is not absolutely void, and as the right of action to annul the sale was not transferred to the plaintiff by the intervenor, *Mary McDowell*, the plaintiff cannot, therefore, attack the sale of the intervenor, *McDowell*, to the defendant. ·

*Mary McDowell* is also debarred from any right of action for the recovery of the slave " *Jim*," because the record of her suit against her husband shows that she obtained judgment in 1843, (still unreversed,) against him for the value of this slave, on the ground that he had sold him and received and used the price; and further, because she sold all her right and title in the said slave without selling, or reserving her revocatory action to have her transfer to the defendant annulled, and as all her right and title in the slave were sold after her majority, she has, therefore, no more interest in him, and her right to institute the revocatory action for his recovery no longer exists.

The fraud on the part of defendant towards her in his purchase of the slave does not appear to be established by the testimony.

Judgment affirmed, with costs of appeal.

SPOFFORD, J., concurring.   I concur in the opinion as to *Wilson's* claim against *Porter*.

As to the petition in intervention of *Mary M. Wilds*, it does not seem to be a claim to rescind her sale to *Porter* on the ground of minority, but on account of fraud and deceit, alleged to have been practiced on herself and husband. Those allegations are scarcely sustained by the evidence.