224 So.2d 517 (1969)
Booker T. HARRIS, Plaintiff-Appellant,
v.
Sammie WARD et al., Defendant-Appellee.
No. 11225.
Court of Appeal of Louisiana, Second Circuit.
May 27, 1969.
Rehearing Denied June 26, 1969.
*518 James R. Malsch, Shreveport, for plaintiff-appellant.
Mayer & Smith, Shreveport, for defendant-appellee.
Before AYRES, BOLIN and PRICE, JJ.
BOLIN, Judge.
While seated on a bench in front of an abandoned building in the Village of Haughton, Louisiana, plaintiff was struck by an automobile driven by Sammie Ward. At the time of the accident Ward was an unemancipated minor who had acquired the automobile about three weeks before the accident from James W. Lawrence, doing business as Jimmy's Auto Sales. Ward had no insurance coverage but Lawrence had a garage liability insurance policy with Allstate Insurance Company, which policy contained a provision affording coverage to a person using an automobile with the permission of the named insured. Subsequent to the accident, Ward became emancipated by marriage. Plaintiff sued Ward and Allstate for damages for personal injuries and medical expenses. Plaintiff obtained judgment by default against Ward for $31,250 but, for written reasons assigned by the trial judge, his demands against Allstate were rejected. From this judgment plaintiff appeals.
Appellant contends, because Ward was a minor at the time of his purported purchase, title to the automobile remained in vendor and, since Lawrence had given Ward permission to use the car, Allstate's policy afforded coverage to plaintiff. Alternatively, it is asserted the sale of the automobile was invalid because it lacked the essential elements of a contract of sale as required by Louisiana Civil Code Articles 1779, 1785 and 2464.
The automobile involved in the accident was the third car purportedly purchased by Ward from Lawrence. The first transaction between the parties occurred on May 27, 1966. Lawrence testified he knew Ward was a minor when he gave him a bill of sale to a Pontiac automobile but told him to secure the signature of his father. Several days later the minor brought the bill of sale back to Lawrence with a signature thereon which Lawrence said he thought was that of Ward's father. Several weeks thereafter Ward returned the Pontiac and traded it to Lawrence for a second used car. On this occasion Lawrence did not request the minor to obtain his father's signature. On August 1, 1966, the second car obtained by Ward was traded in on a 1955 Cadillac. Lawrence executed a bill of sale reflecting the total consideration as $495. The father's signature was not requested for this transaction nor did the minor sign the bill of sale. Even though Lawrence admitted he knew Ward was a minor he testified he had forgotten the fact at the time of the last sale. *519 Eighteen days after Ward obtained the Cadillac the accident, made the basis of this suit, occurred.
Since the transfer of the automobile from Lawrence to Ward, an unemancipated minor, was not a perfect sale, the question arises as to whether plaintiff, not a party to the transaction, has the right to assert its nullity in this action.
Appellant's position is that the sale was null until such time as it was ratified by the minor, which was never done in the instant case. Appellee contends the sale was a relative nullity and the right to disavow or set it aside was a personal right which could only be asserted by the minor; that Ward not only never sought to nullify the sale but allowed himself, after becoming emancipated, to be cast in judgment for $31,250 in the suit for damages arising from the accident.
A serious legal issue is presented upon which interpretation of the following Louisiana Civil Code Articles has considerable bearing:
Art. 1785:

* * * * * *
"In all other cases, the minor is incapacitated from contracting, but his contracts may be rendered valid by ratification, either expressed or implied, in the manner and on the terms stated in this title under the head: Of Nullity or Rescission of Agreements."

Art. 1791:
"The persons who have treated with a minor, person interdicted, or of insane mind, or with a married woman, can not plead the nullity of the agreement, if it is sought to be enforced by the party, when the disability shall cease, or by those who legally administer the rights of such person during the disability."
Art. 2221:
"In all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by [a] particular law, that action may be brought within ten years.

* * * * * *
"With regard to acts executed * * * minors, only from the day on which they become of age."
Art. 2228:
"He can not make void the engagement which he had subscribed in his minority, when once he has ratified it in his majority, whether that engagement was null in its form, or whether it was only subject to restitution."
Art. 2229:
"When minors, persons under interdiction, or married women are admitted, in these qualities, to the benefit of restitution against their engagements, the reimbursement of what may have been paid, in consequence of those engagements, during minority, interdiction, or marriage, can not be required of them, unless it be proved that what was paid, accrued to their benefit."
Art. 1793:
"If, in a contract with an incapacitated person, or in a contract void for want of form, entered into with any one for the benefit of such incapacitated person, any consideration be paid or given, and the contract be afterwards invalidated on account of such incapacity or want of form, the consideration so paid or given must be restored, if it was applied to the necessary use or benefit of the incapacitated person."
Art. 3542:
"The following actions are prescribed by five years: That for the nullity or rescission of contracts, testaments or other acts.

* * * * * *
"This prescription only commences against minors after their majority." *520 Art. 1866:
"Lesion needs not be alleged to invalidate such contracts as are made by minors, either without the intervention of their tutors, or with such intervention, but unattended by the forms prescribed by law. Such contracts, being void by law, may be declared so, either in a suit for nullity or on exception, without any other proof than that of the minority of the party and the want of formality in the act."
In support of his contention that the sale to Ward was a nullity and, therefore, subject to attack by any interested party, appellant cites D. H. Holmes Company, Ltd., v. Rena, (La.App.Orl.1948), 34 So.2d 813; and Ellis Electric Company v. Allstate Insurance Company, (La.App. 1 Cir. 1963), 153 So.2d 905. In Holmes plaintiff sued to recover the price of merchandise purchased by defendant while a minor. The court, citing Civil Code Articles 1785, 1793, 1866 and 2229, held the minor, who was emancipated by marriage at the time of suit, could, without returning the merchandise, escape liability for the payment of the purchase price on the ground of contractual incapacity at the time the purchase was made. It was held that insofar as the minor was concerned the contract was a nullity unless it was ratified and that the minor could not be estopped from claiming its invalidity merely because she received the merchandise. The vendor was charged with proving either express ratification of the contract or implied ratification by proof the items had been used for the benefit of the minor. In the latter instance the vendor would be relegated to his action of restitution for so much of the goods as were applied to the necessary use and benefit of the incapacitated person. (See Louisiana Civil Code Articles 1793 and 2229).
In Ellis Electric Company plaintiff sued a minor, his father and the latter's automobile liability insurer for damages arising out of an automobile accident with the minor. The father had obtained an insurance policy covering accidents occurring when a member of the family drove the family car or any non-owned car when the actual use thereof was with the permission of the owner. The minor had traded his own uninsured car for another but his father told him he must return the automobile purchased by him. At the time of the accident an agreement had been reached in a telephone conversation between the father and the automobile dealer, who had agreed to set aside the sale, and the accident occurred while the minor was returning the car. If the sale were valid the car would have been an undeclared-owned car and not covered by the terms of the insurance policy. The court held the contract of sale between the minor and the automobile dealer was an absolute nullity and the car, being a non-owned vehicle driven by an omnibus insured, was covered by the policy.
Relying principally upon the two cases cited supra appellant urges this court to hold the sale to Ward was a nullity and without effect since it was not ratified. Appellant concedes Louisiana Civil Code provides for an action of nullity by a minor when he reaches majority. Nevertheless, he contends that in the interim the purported contract may be treated as a nullity notwithstanding the fact that the rights of the parties to the contract regarding restitution, reimbursement, etc. can only be determined after a trial and a judicial declaration of such rights.
Appellee cites Wilson v. Porter, 13 La.Ann. 407 (1858), which involved the validity of the sale of a slave by a minor. The Wilson case is the latest expression of the Supreme Court on the subject. For this reason, and because we consider its decision controlling in the instant case, we take the liberty of quoting rather extensively therefrom:
"Art. 2218 of the Civil Code [now C.C. 2221] grants an `action of nullity or of rescission of agreements,' by which a minor *521 can, within a certain period after his majority, institute legal proceeding to annul acts passed by him in his minority.
"As, then, a sale executed by a minor can afterwards be ratified, enforced or set aside by an action of nullity, it follows that it is not essentially null.
"2. The plea of minority is personal and cannot be set up but by the minor, arrived at the age of majority, or his representatives, unless it might be also urged by the assignees of this personal right.
"This principle cannot be doubted; for the general rule is, that no one can institute an action but the party having a certain interest in its cause and issue; but no one but the minor or his representatives are interested to rescind a sale on the ground of minority.
"The vendor has rights of action against the vendee to avoid sales for such causes as error, fraud, violence, lesion, non-payment of the price.
"If the vendor has not received the price of property sold by him he does not, by again disposing of it to a third party, transfer to the second vendee the right of action for the price due by the first vendee; or, if a vendor could have a sale annulled for lesion, and had merely sold his rights to the property to a second vendee, the latter could not sue the first vendee to have the transfer to him rescinded for lesion.
"That the plea of minority is personal is clear, for if it be not specially urged, the sale by a minor is valid, unless it be null for other causes; the plea may be made or omitted by the party to a suit as may appear most beneficial to his interests.
"In sales of property, affected by informalities on account of the non-observance of the laws relative to the transfer of the effects of minors, it has often been held, that such errors could not be pressed by the vendee for the purpose of annulling the sale, as the minor, when arrived at the age of majority, might not seek to rescind the sale on such grounds, and that such defences were personal to the minor or his representatives.
"Inasmuch then as the plea of minority is personal, and the sale by a minor of his property is not absolutely void, and as the right of action to annul the sale was not transferred to the plaintiff by the intervenor, Mary McDowell, the plaintiff cannot, therefore, attack the sale of the intervenor, McDowell, to the defendant."
For a comment criticizing the Ellis case and suggesting the same result could have been reached by concluding the contract had been disaffirmed, as permitted by Louisiana Civil Code Article 1794, see 38 Tulane Law Review 755: "ContractsMinor's ContractAn Absolute Or Relative Nullity?" See also 25 Tulane Law Review 131: "ObligationsEstoppelRight of Unemancipated Minor to Repudiate Contract", and 21 Tulane Law Review 438, a comment entitled "The Five and Ten Year Prescriptive Periods for the Action of Nullity or Rescission of Agreements, Contracts and Other Acts".
We believe the tenor running through the articles, cases and various commentaries is that the contracts of minors, although susceptible to annulment by the minor or his representative, nevertheless create certain legal effects binding on the party contracting with the minor as well as persons who are strangers to the immediate transaction. In other words, minority is a cloak or a weapon only in the hands of the minor or his representative which is available for his own protection and, so long as the agreement or contract has not been disavowed or annulled, it has the same effect as the contract of a person fully capable of contracting.
We conclude the sale of the automobile from Lawrence to Ward, an unemancipated minor, was a relative nullity; *522 that the right to urge the invalidity of the contract was personal to the minor; that, since the minor neither claimed its invalidity nor ratified it, the sale may not be held invalid as to the plaintiff who was neither a party to the contract nor an assignee of the rights of the minor. The judgment of the lower court rejecting the demands of plaintiff against Allstate Insurance Company, is correct.
We find no merit in appellant's alternative plea that the sale of the automobile was invalid because it did not contain the essential elements of a sale as set forth in Louisiana Civil Code Article 2464. We find the price to have been certain and the consideration serious and adequate.
The judgment is affirmed at appellant's costs.