525 So.2d 693 (1988)
LAGNIAPPE CONSTRUCTION COMPANY
v.
John MONTECINO and Kathy Montecino.
No. CA 87 0523.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
Barbara A. Cole, Hammond, for plaintiffappellant Lagniappe Const. Co.
Rodney Cashe, Hammond, for defendantappellee.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This is an action brought by Lagniappe Construction Company (Lagniappe), against John and Kathy Montecino (the Montecinos), for the balance due and owing under a construction contract for the construction of the Montecino's home. A bench trial was held on August 26, 1986. The trial court held that Lagniappe's case had prescribed, and dismissed its case along with an order to pay the Montecinos' attorney fees. Lagniappe appealed. We reverse the trial court judgment and remand the case for a determination on the merits.
On March 16, 1983, Lagniappe and the Montecinos entered into a construction contract, *694 with Lagniappe as contractor and the Montecinos as owners, for the purpose of constructing a home for the Montecinos. The stated contract price was $123,920.00. Through the course of construction, a conflict arose between the parties regarding obligations of each to the other for payment and reimbursement regarding changes and additions to the specifications of the home under the terms of the contract.
As a result of the conflict, Lagniappe filed a Materialmen's and Laborer's Lien in the public records of Tangipahoa Parish on February 10, 1984, setting forth the amount of money claimed due by Lagniappe and establishing a privilege over the Montecinos' property on which the house was built. When the Montecinos did not pay the amount claimed in the lien, Lagniappe filed suit against the Montecinos, together with a recorded Notice of Lis Pendens on February 11, 1985. The Montecinos reconvened against Lagniappe for money they had spent to complete the home, for damages resulting from the unlawful encumbrance of their property, and for attorney fees.
A trial on the merits was held on August 26, 1986. The trial court found that Lagniappe's claim had prescribed and, therefore, Lagniappe's case was dismissed at its cost, plus attorney fees of $2,500.00. Lagniappe appealed, alleging two assignments of error:
(1) The trial court erred by holding that Lagniappe's petition had prescribed and thereby dismissing its claim.
(2) The trial court erred in awarding the Montecinos attorney fees in the amount of $2,500.00
The Private Works Act, La.R.S. 9:4801, et seq., outlines the relevant time periods which govern this case. After filing the >necessary Materialmen's and Laborer's Lien into the proper public records on February 10, 1984, to establish its privilege, Lagniappe had one year to institute an action against the Montecinos for the enforcement of its privilege. La.R.S. 9:4823(A)(2).[1] This one year time limit is a period of peremption. See Abry Brothers, Inc. v. Tillman, 245 La. 1017, 162 So.2d 346 (1964).[2] However, La.Civ.Code art. 3459 provides that "[t]he provisions on prescription governing computation of time apply to peremption."
La.Civ.Code art. 3454 dictates how to compute time; it provides:
In computing a prescriptive period, the day that marks the commencement of prescription is not counted. Prescription accrues upon the expiration of the last day of the prescriptive period, and if that day is a legal holiday, prescription accrues upon the expiration of the next day that is not a legal holiday.
According to this article, the one year peremptive period tolled on Sunday, February 10, 1985. However, since Sundays are legal holidays,[3] the peremptive period did not truly accrue until "the expiration of the next day that [was] not a legal holiday;" in other words, on Monday, February 11, 1985.
Thus, we hold that Lagniappe timely filed suit against the Montecinos and timely recorded a Notice of Lis Pendens on Monday, February 11, 1985. The trial court erred in holding that Lagniappe's case had prescribed. Therefore, for the above stated reasons, we reverse the trial court judgment dismissing Lagniappe's case and awarding the Montecinos' attorney fees.
*695 Having set aside the judgment of the trial court, we now reach the question of whether to consider the trial record and decide the case on the merits or to remand for a new trial. In Ragas v. Argonaut Southwest Insurance Company, 388 So.2d 707, 708 (La.1980), our supreme court expressed the applicable principles as follows:
Where a finding of fact is interdicted because of some legal error implicit in the fact finding process or when a mistake of law forecloses any finding of fact, and where the record is otherwise complete, the appellate court should, if it can, render judgment on the record.
This is not to say, and Gonzales [v. Xerox Corporation, 320 So.2d 163 (La. 1975) ] should not be read to require, that the appellate court must find its own facts in every such case. There are cases where the weight of the evidence is so nearly equal that a firsthand view of witnesses is essential to a fair resolution of the issues. The appellate court must itself decide whether the record is such that the court can fairly find a preponderance of the evidence from the cold record. Where a view of the witnesses is essential to a fair resolution of conflicting evidence, the case should be remanded for a new trial.
A preponderance of the evidence cannot be fairly determined from the cold record in this case. The evidence is in substantial conflict as a result of which it is impossible for us to determine what, if anything, the parties to this construction contract agreed to do regarding changes and additions to the specifications of the home without deciding on the credibility of the witnesses. A trier of fact with the opportunity to hear and see the witnesses is in a much better position to resolve this conflict. Tabor v. Doctors Memorial Hospital, 501 So.2d 243, 247 (La.App. 1st Cir.1986).
As the record presents substantial conflicts in the testimony and serious questions of credibility, we are convinced that the interests of justice would be best served by remanding for a new trial.
The judgment of the trial court dismissing Lagniappe's case and awarding the Montecinos' attorney fees is reversed and set aside, and the case remanded for a new trial as indicated herein. All costs to await final disposition of the matter.
REVERSED AND REMANDED.
NOTES
[1] La.R.S. 9:4823(A)(2) provides in pertinent part:

A privilege given by R.S. 9:4801, a claim against the owner and the privilege securing it granted by R.S. 9:4802, ... is extinguished if:
(2) The claimant or holder of the privilege does not institute an action against the owner for the enforcement of the claim or privilege within one year after the expiration of the time given by R.S. 9:4822 for filing the statement of claim or privilege to preserve it.
[2] Abry Brothers, 162 So.2d at 348, specifically dealt with La.R.S. 9:4812, which has recently been changed. However, La.R.S. 9:4812 was a source for the current provisions found at La.R. S. 9:4823.
[3] La.R.S. 1:55(A)(1) provides in part:

The following shall be days of public rest and legal holidays: Sundays, ...