**Sherman ASHWORTH**

v.

**SPHERE DRAKE INSURANCE, PLC, et al.**

No. 89–2274.

United States District Court, W.D. Louisiana, Alexandria Division.

July 18, 1991.

Ronald J. Fiorenza, Provosty, Sadler & Delaunary, Alexandria, La., James B. Doyle, Voorhies & Labbe, Lafayette, La., for Sphere Drake Ins., PLC.

Johnny Milton Johnson, pro se.

James R. Mitchell, Mitchell & Dowden, Leesville, La., John A. Dykes, Shreveport, La., James B. Doyle, Voorhies & Labbe, Lafayette, La., for Sherman Ashworth.

Harry Smith Redmon, Sr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Lloyds of London.

### RULING

LITTLE, District Judge.

This action concerns a $75,000 insurance policy issued by defendant Sphere Drake to John Milton Johnson covering an apartment complex located in Elizabeth, Louisiana. On 3 June 1989 a fire completely destroyed the building. On 5 October 1989 defendant filed a declaratory judgment action seeking to void the policy covering the complex; this suit has been consolidated with a proceeding instituted by plaintiff Sherman Ashworth against defendant which attempts to recover the policy proceeds.

■ Defendant is now asking the court for summary judgment. Initially, defendant seeks to prevent plaintiff from recovering under the policy because his right to do so has been perempted. The Louisiana Insurance Code's Standard Fire Policy provides that:

No suit or action on this policy for the recovery of any claim shall be sustaina-ble in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss.

La.Rev.Stat.Ann. 22:691 (West Supp.1991). Because the fire occurred on 3 June 1989, defendants argue that plaintiff's suit is perempted since it must have been commenced by 4 June 1990. Article 3459 of the Louisiana Civil Code, however, provides that the computation of peremptive periods uses the same provisions as the computation of prescriptive periods. The last day of the peremptive period, 3 June 1990, fell on a Sunday; Article 3454 of the Civil Code provides that if the last day of a prescriptive period is a legal holiday, "prescription accrues upon the expiration of the next day that is not a legal holiday." The peremptive period therefore ran until 4 June 1990 and plaintiff's suit was timely filed. *Lagniappe Construction Co. v. Montecino*, 525 So.2d 693, 694 (La.Ct.App. 1st Cir. 1988).

■ Defendant next argues that plaintiff cannot recover under the policy because he had no insurable interest in the building. Although plaintiff is seeking to recover the policy proceeds as mortgagee of the property, defendant argues that the mortgage on the complex is invalid since the wife of the mortgagor did not sign the mortgage documents. Article 2347 of the Louisiana Civil Code provides that "[t]he concurrence of both spouses is required for the alienation, encumbrance, or lease of community immovables...." The effect of a lack of concurrence to the encumbrance of a community immovable is set forth in article 2353, which states that such an encumbrance "is relatively null unless the other spouse has renounced the right to concur...."

A relatively null transaction is clearly voidable by the spouse who did not give assent to the encumbrance, alienation, or lease. It is not, however, voidable by a third party such as defendant. Planiol notes that the action to revoke a relative nullity "is not granted to everybody." In-

stead, Planiol states that revoking a relative nullity:

> is a means of protection available to a particular person. It is thus solely to such person that the action should belong. He alone can utterly destroy the effects of the act, in making use of the arm which the law places in his hands. As regards all other persons, the act is as valid, as solid as if it were not tainted with a cause of nullity.

Planiol, Traite Elementaire De Droit Civil, vol. 1 sec. 343 (L.S.L.I. trans.1959); *Armour v. Shongaloo Lodge No. 352*, 342 So.2d 600, 603–04 (La.1977) (Summers, J., concurring); *Harris v. Ward*, 224 So.2d 517, 521 (La.Ct.App. 2d Cir.1969); Note, *Contracts —Minor's Contract—An Absolute or a Relative Nullity?*, 38 Tul.L.Rev. 755, 756 (1964).[1]

Accordingly, because plaintiff's suit has not been perempted and because defendant may not revoke plaintiff's mortgage, defendant's motion for summary judgment is DENIED.

---

[1]. Defendant argues that it should be able to void the mortgage because a subsequent revocation of the mortgage by Mrs. Johnson would adversely affect its subrogation rights. Although this is a cogent argument, such an occurrence could have been avoided had defendant named Mrs. Johnson as a party to this suit before the joinder cutoff date had passed.