GRISBAUM, Judge.
This appeal relates to the trial court’s dismissal of the plaintiff’s petition for review of the Department of Public Safety and Correction’s (Department) suspension of her driver’s license for failure to submit to a chemical test to determine blood alcohol content. We affirm.
ISSUES
We are called upon to determine two specific issues:
(1) Whether the trial court erred in refusing to set aside the Department’s suspension because the arresting officer improperly advised the petitioner regarding the legal effect of her refusal to submit to a field sobriety test, and
(2) Whether the trial court erred in finding that the officer’s failure to strictly comply with La.R.S. 32:666(B) did not constitute grounds for setting aside the Department’s suspension.
ISSUE ONE

Law

La.R.S. 32:661(C) provides:
C. (1) When a law enforcement officer requests that a person submit to a chemical test as provided for above, he shall first read to the person a standar-ized form approved by the Department of Public Safety and Corrections. The department is authorized to use such language in the form as it, in its sole discretion, deems proper, provided that the form does inform the person of the following:
(a) His constitutional rights under Miranda v. Arizona;
(b) That his driving privileges can be suspended for refusing to submit to the chemical test; and
(c) That his driving privileges can be suspended if he submits to the chemical test and such test results show a blood alcohol level of .10 percent or above.
(2) In addition, the arresting officer shall, after reading said form, request the arrested person to sign the form. If the person is unable or unwilling to sign, the officer shall certify that the arrestee was advised of the information contained in the form and that the person was unable to sign or refused to sign, (footnote omitted).

Analysis

We note, the trial court, in its oral Reasons for Judgment, states:
*933 I think his [the officer’s] testimony clearly indicates he more than one time gave this woman her rights and told her what would happen as a result of not having taken the chemical tests. I think the result follows from that, the fact that she has been shown as the driver. She was advised of the consequences of not taking the test, and there’s no evidence whatsoever to counter that.
We agree.
Our review of the record convinces us that Officer Bordelon complied with La. R.S. 32:661(C) in that he did verbally advise her, at the scene, of her rights regarding the breath test and read to her the “rights form” at the lockup, which she signed. Additionally, even though he incorrectly advised the defendant,[1] she failed to show prejudice. Accordingly, we agree with the trial judge’s succinct logic and rationale.
ISSUE TWO

Law

La.R.S. 32:666(B) provides:
In each instance that a person refuses to submit to a chemical test, after being advised of the consequences of such refusal as provided for in R.S. 32:661(C), the officer shall submit a sworn report in a form approved by the secretary that he had reasonable grounds to believe that the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages or any abused or illegal controlled dangerous substance as set forth in R.S. 40:964, that he had followed the procedure in informing such person of his rights under R.S. 32:661(C), and that such person had refused to submit to the test upon the request of the officer.

Analysis

We find no “affidavit of the arresting officer” in the record. However, it appears it was introduced into the record during the administrative hearing (the record contains no transcript or judgment of said hearing) because in paragraph 4. A) of the appellant’s petition for review, Can-nizzaro claims the administrative law judge erred in “Finding the affidavit of the Police officer sufficient to establish the officer had reasonable grounds to believe the petitioner [she] was driving the automobile.” (emphasis added). More importantly, even without the affidavit, the officer’s sworn testimony reiterated the information required to be in the affidavit by La.R.S. 32:666(B). The trial court’s Reasons for Judgment show it found the evidence sufficient to affirm the suspension. There is no jurisprudence indicating that strict compliance with the affidavit aspect of our statutory law is necessary for a valid suspension, and La.R.S. 32:668 does not specify that the information reviewed under parts (A)(l)-(6) of that statute must be contained in an affidavit. We see no error;
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.

. Officer Bordelon also told Cannizzaro she would lose her license for 180 days if she failed to undergo a "field sobriety" test; the implied consent statutes, La.R.S. 32:661 et seq„ related to chemical tests only.