LeBLANC, Judge.
This appeal is from a judgment of the district court vacating a suspension of appellee’s driver’s license imposed by the Department of Public Safety (DPS). DPS now appeals this decision. We reverse, finding the district court erred in concluding a person must be informed of his rights relative to a breath alcohol test simultaneously with the request that he submit to that test.
In the instant case appellee, Kenny J. Westerman, was arrested by State Trooper Wilburn McDowell at approximately 2:59 a.m. on April 29, 1989, on suspicion of operating a motor vehicle while intoxicated. Trooper McDowell testified that following the arrest, he placed appellee in his patrol ear and read the DPS standardized form detailing his rights to appellee, after which appellee signed the form. Although appel-lee disputes this claim, the district court specifically accepted Trooper McDowell’s testimony on this point.
Trooper McDowell further testified that it took him approximately ten to fifteen minutes to advise appellee of his rights. Thereafter, he drove appellee to the site where the van equipped with the alcohol testing machine was located, which took an additional fifteen to twenty minutes. Upon their arrival, a test was being administered to another motorist, so that appellee was required to wait in McDowell’s patrol car for approximately ten minutes before being escorted into the testing van. Appellee was then kept under observation inside the van for fifteen minutes before being requested to submit to a breath alcohol test. At that time, which was approximately one hour after he had been informed of his rights, appellee refused to submit to the test. After a delay of approximately five minutes, appellee was informed by the trooper administering the tests that appel-lee had one more chance to submit to the test and that, if he refused to do so he would lose his driver’s license for one hundred and eighty days. Appellee again refused to submit to the test. On the basis of this refusal, DPS subsequently suspend *352 ed appellee’s driver’s license pursuant to La.R.S. 32:661 et seq.
In oral reasons for judgment, the district court stated appellee had “a right to be confronted with the test [breath alcohol test] and informed of his rights simultaneously” and that, because this did not occur, appellee’s license could not properly be suspended.
We have found no authority supporting the district court’s conclusion. La.R.S. 32:661(C)(1), which enumerates the rights a person must be informed of relative to a request that he submit to a chemical test, also provides, in pertinent part, that:
When a law enforcement officer requests that a person submit to a chemical test ..., he shall first read to the person a standardized form approved by the Department of Public Safety and Corrections. Emphasis added.
The only temporal requirement we read this provision as imposing is that a person be read his rights before he is asked to submit to a chemical test. The clear import of the pertinent language does not require that the recitation of rights be made contemperaneously with the request to submit, as found by the district court. We conclude the requirements of R.S. 32:661(C)(1) were complied with in the instant case, since appellee clearly was read his rights before he was asked to submit to a breath alcohol test.
Further, we do not believe the one hour delay which occurred in this case between the time appellee was advised of his rights and the time he was asked to submit to a breath alcohol test was unduly excessive or prejudicial to appellee. Trooper McDowell’s testimony revealed that the primary reason for the delay was logistics. Moreover, the record does not indicate that appellee was prejudiced in any manner by the delay.[1] Cf. Cannizzaro v. Dept. of Public Safety, 541 So.2d 931 (La.App. 5th Cir.1989).
Under these circumstances, the district court erred in vacating the suspension of appellee’s driver’s license. Accordingly, the judgment of the district court vacating this suspension is hereby reversed and the suspension imposed by DPS is reinstated. All costs of this appeal are to be paid by appellee.
REVERSED AND RENDERED.

. We note that even in criminal cases the mere fact that complete Miranda warnings were not given to a defendant immediately prior to that defendant's confession has been held not to invalidate the confession, if the defendant was fully advised of his Miranda rights at some earlier point in time. State v. Kimble, 546 So.2d 834 (La.App. 1st Cir.1989); also see, State v. Rheams, 352 So.2d 615 (La.1977).