EDWARDS, Judge.
Defendant, the State of Louisiana through the Department of Public Safety and Corrections (State), appeals a judgment by the trial court which set aside the suspension of John P. Williamson’s, driving privileges and permanently enjoined the State from revoking, suspending, or otherwise limiting Williamson’s driving privileges. On the showing made, we find that the suspension imposed on Williamson was supported by law, and accordingly reverse the trial court’s judgment.
Background Facts and Procedural History
On June 2, 1987, John P. Williamson was arrested and charged with driving while under the influence of alcoholic beverages. Williamson refused to submit to a blood and/or breath alcohol test. He received a Notice of Withdrawal of Driving Privileges for one hundred and eighty days, due to his refusal to submit to the test, in accordance with LSA-R.S. 32:666 A(l) and 32:667 B(2). He then requested and was granted an administrative hearing, pursuant to LSA-R.S. 32:668 A., on July 20, 1987, before Administrative Law Judge, Julian A. Le-Blanc, who affirmed the one hundred and eighty day suspension in a decision signed on August 3, 1987.
On August 20,1987, Williamson filed this action in the district court, pursuant to LSA-R.S. 32:668 C., seeking to have the decision of the Administrative Law Judge reversed, and the suspension declared null and void for failure to comply with LSA-R.S. 32:668 and 32:661 C. In the alternative, Williamson alleged that he is entitled to a restrictive driver’s license pursuant to LSA-R.S. 32:668 B(l).
A trial was held on March 16, 1989. In its reasons for judgment, dated October 23, 1990, the trial court stated that “[bjecause of the harshness of the statute in restricting driving privileges the courts have strictly construed these statutes.” The trial court then reviewed the sworn report upon which Williamson’s suspension was based, and noted that it had been signed by the arresting officer, Trooper Miller, in the presence of Lieutenant Ruiz, a shift commander of Troop C of the Louisiana State Police. The trial court then determined that Lieutenant Ruiz was not authorized “to act as a notary in and for the troop,” pursuant to LSA-R.S. 35:15, and that, therefore; the statue was not strictly followed. Concluding that Ruiz’s lack of notarial authority invalidated the sworn report, the trial court signed a judgment on November 5, 1990, setting aside the suspension of Williamson’s driving privileges.
Application of the Law
When a person suspected of driving while under the influence of alcohol refuses to submit to a chemical test, the officer shall submit a sworn report in a form approved by the secretary that he had reasonable grounds to believe that the arrested person had been driving or was in actual physical control of a motor vehicle ... while under the influence of alcoholic beverages ... that he had followed the procedure in informing such person of his rights under R.S. 32:661(C), and that such person had refused to submit to the test upon the request of the officer. LSA-R.S. 32:666 B.
In the instant case, an “Affidavit of Arresting Officer” was introduced, which was written and signed by arresting officer, W.A. Miller, and signed by Lieutenant Ruiz as “Notary Or Other Person Authorized To Take Oath.” The affidavit states that Miller had reasonable grounds to believe that John P. Williamson was driving while under the influence of alcoholic beverages based on Miller’s observations of Williamson “weaving badly across center line of roadway & running off right side of road.”
The statute upon which the trial court’s judgment rests, LSA-R.S. 35:15, reads as *1147 follows, in pertinent part:[1]
A. Notwithstanding any provisions in the law relative to qualifications for and limitations on the number of notaries public, the governor is authorized to appoint, upon recommendation by the secretary of the Department of Public Safety and Corrections, the supervisors of each troop headquarters, any investigator of the internal affairs unit of the office of state police in the Department of Public Safety and Corrections, and the executive assistant to the general counsel of the Department of Public Safety and Corrections as ex officio notaries public who shall perform the duties provided hereunder without charge or other compensation. Any ex officio notary public appointed under the provisions of this Section shall possess those notarial powers as provided by law to administer oaths and take acknowledgements.
The record before us contains neither the transcript of the administrative hearing nor the transcript of the trial. However, the post trial memorandums reflect that Lieutenant Ruiz testified that he held an ex-officio commission which was received by him in order to perform his official duties. While this testimony alone is insufficient to prove that Ruiz had notarial authorization pursuant to LSA-R.S. 35:15, we find that the trial court erred as a matter of law in concluding that the suspension of Williamson’s driving privileges was invalidated due to the officer’s failure to strictly comply with the statute. In Cannizzaro v. Louisiana Department of Public Safety and Corrections, 541 So.2d 931, 933 (La.App. 5th Cir.1989), the court held that strict compliance with the affidavit aspect of [LSA-R.S. 32:666(B) ] is not necessary for a valid suspension of a person’s driving privileges. However, in Cannizzaro, the officer testified at trial and reiterated the information required to be in the affidavit, therefore; there was sufficient evidence to support the suspension, despite a lack of compliance with the affidavit portion of the statute.
In the instant case, the record before us contains none of the evidence presented at the administrative hearing or at the trial. Therefore, it is impossible for us to know what evidence was before the trial court, or whether the trial court considered the evidence in light of the errors alleged by Williamson in his petition. Since we have determined that the lack of strict compliance with the affidavit requirement was not fatally defective to the suspension of Williamson’s driver’s license, we remand to the trial court for a determination of whether the suspension was otherwise supported by law.
Costs of this appeal will be assessed after a final determination of this matter.
REVERSED AND REMANDED.
GONZALES, J., concurs and assigns reasons.

. LSA-R.S. 35:15 was redesignated as R.S. 35:393 by Acts 1990, No. 290, § 2, effective January 1, 1991.