676 So.2d 1067 (1996)
Janie JONES, et al.,
v.
Dr. William BLACK, et al.
No. 95-C-2530.
Supreme Court of Louisiana.
June 28, 1996.
PER CURIAM.
By his own admission, and in the judgment of five judges of the court of appeal, the actions of the trial judge in communicating with the jury were improper and so tainted the verdict of the jury as to render it unreliable. Where a jury verdict is "tainted" due to a material error at trial but an otherwise complete trial record exists, the general rule is that an appellate court should, if it can, render judgment on the record. Gonzales v. Xerox, 320 So.2d 163, 165 (La.1975). However, "[w]here a view of the witnesses is essential to a fair resolution of conflicting evidence, the case should be remanded for a new trial." Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707, 708 (La.1980) (emphasis added). After taking the unusual step of sending for and reviewing the entire record in this case, we are convinced that this case is one in which "the weight of the evidence is so nearly equal that a first-hand view of witnesses is essential to a fair resolution of the issues." Id. We therefore vacate the decision of the court of appeal and remand the case to the trial court for a new trial on the merits.

DECREE

COURT OF APPEAL DECISION VACATED; CASE REMANDED TO TRIAL COURT FOR NEW TRIAL.
CALOGERO, Chief Justice, dissenting.
I would grant and docket this writ application and render an opinion after full briefing and oral argument. In all events, I disagree with the majority's not doing a Gonzales v. Xerox [320 So.2d 166 (La.1975)] review.
LEMMON, J., would grant and docket.
BLEICH, J., not on panel.