684 So.2d 1014 (1996)
Robert O. SALASSI
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ADMINISTRATIVE HEARING SECTION.
No. 96 CA 0321.
Court of Appeal of Louisiana, First Circuit.
November 15, 1996.
*1015 Daniel A. Claitor, Baton Rouge, for Plaintiff-Appellee, Robert O. Salassi.
Paul Schexnayder, Baton Rouge, LA for Defendant-Appellant, State of Louisiana, Dept. of Public Safety and Corrections.
Before WATKINS and KUHN, JJ. and CARL A. GUIDRY, J. Pro Tem.[1]
CARL A. GUIDRY, Judge Pro Tem.
The State of Louisiana, Department of Public Safety and Corrections (hereinafter "DPS") brings this appeal from the district court judgment reversing the suspension of Robert O. Salassi's driving privileges.

FACTUAL AND PROCEDURAL HISTORY
On April 9, 1995, Louisiana State Trooper Gerald Varnado observed a vehicle being driven in an erratic fashion on Interstate 12, westbound, east of the Sherwood Forest exit. Upon stopping the vehicle and observing the driver, Robert O. Salassi, Trooper Varnado suspected he was intoxicated. The trooper administered field sobriety tests which confirmed his suspicion. Mr. Salassi was placed under arrest and transported to Louisiana Police Troop A. At the troop headquarters, Mr. Salassi allegedly refused to take the intoxilyzer alcohol breath test. Mr. Salassi was booked with the offense of driving while intoxicated, his driver's license was seized, and he was issued a temporary license which notified him that his license would be suspended for refusal to submit to the breath test. Mr. Salassi thereafter applied for an administrative hearing contesting the driver's license suspension. The administrative hearing was held on May 31, 1995, and resulted in an affirmance of the suspension of Mr. Salassi's driving privileges.
On June 30, 1995, Mr. Salassi filed a petition in the district court for review of the suspension under La.R.S. 32:668(C). In his petition, Mr. Salassi alleged several bases for his position that the suspension of his driving privileges was invalid: the trooper did not have reasonable grounds to believe he was driving under the influence of alcoholic beverages; his references to his attorney, made to Trooper Varnado, did not amount to a refusal to submit to the breath test; the proposed breath test was not shown to be properly validated; and other circumstances regarding the arrest and testing procedure. The trial court conducted a trial de novo on August 7, 1995, and thereafter rendered judgment recalling the suspension of Mr. Salassi's driving privileges.
From this judgment, the State appeals and asserts the trial court erred in requiring the State to prove that there had been a "knowing and intelligent" refusal by Mr. Salassi to submit to the test for intoxication.

BURDEN OF PROOF
Following a hearing on the propriety of the suspension of Mr. Salassi's driving privileges, the trial court gave the following reasons for judgment:
WELL, IT WAS A GOOD STOP. I DON'T HAVE ANY PROBLEM WITH THE STOP. AND, OBVIOUSLY, HE *1016 WAS INTOXICATED. I THINK IT WAS A GOOD ARREST; THERE'S NO DOUBT THAT THE TROOPER DID WHAT HE WAS SUPPOSED TO DO TO GET HIM OFF THE HIGHWAY AT THAT TIME OF THE MORNING AND TO CHARGE HIM WITH D.W.I., WHICH EVENTUALLYI DON'T KNOW WHAT'LL HAPPEN THERE. AS TO WHETHER OR NOT THERE WAS A REFUSAL OF AN APPROVED TEST, THE TEST WAS APPROVED. WERE THE PROCEDURES PROPERLY EXPLAINED TO THE PETITIONER, MR. SALASSI; DID HE UNDERSTAND THEM, AND DID HE REFUSE THEM KNOWING AND INTELLIGENTLY? HE MUST HAVE HAD SOME QUESTION ABOUT THE PROCEDURE BECAUSE AT LEAST TWICE HE MENTIONED AN ATTORNEY. AND THERE IS CONTRADICTORY TESTIMONY AS TO WHAT HAPPENED AT THE ADMINISTRATIVE HEARING IN REFERENCE TO WHAT HAPPENED IN THE INTOXILYZER ROOM AND AT THE STATION. SO THE BURDEN IS ON THE STATE TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT IT'S MORE PROBABLE THAN NOT THAT THE PETITIONER REFUSED TO TAKE THE TEST, AN APPROVED TEST. AND I THINK THERE'S JUST TOO MUCH CONFUSION, CONTRADICTORY STATEMENTS, UNDERSTANDINGS, INTERPRETATIONS OF WHAT WAS MEANT WHEN HE TALKED ABOUT REFERRING IT TO AN ATTORNEY. AND I THINK THE CONFUSION, MAYBE RIGHTFULLY SO, LED THE POLICE OFFICER TO BELIEVE THAT HE WAS REALLY, FINALLY REFUSING TO TAKE THE TEST. WITH ALL OF THAT CONFUSION GOING ON AND WHAT I'VE HEARD TODAY, I DON'T THINK THE STATE HAS CARRIED THE BURDEN OF PROVING THAT MORE LIKELY THAN NOT IT WAS A KNOWING AND INTELLIGENT REFUSAL OF THE TEST. FOR THAT REASON I GRANT JUDGMENT IN FAVOR OF THE PETITIONER AND AGAINST THE STATE GRANTING THEM ... I'M REVERSING HIS SUSPENSION AND REINSTATING HIS DRIVING PRIVILEGES. [Emphasis added.]
The trial judge obviously believed that the State had a burden to prove that Mr. Salassi knowingly and intelligently refused the intoxilyzer test. Appellant correctly argues it is only necessary to establish the fact that a suspect refused the test, citing Kaufman v. State, Department of Public Safety, Drivers' License Division, 286 So.2d 723 (La.App. 1st Cir.1973), writ denied, 289 So.2d 156 (La.1974). In Kaufman, this court stated, "Nowhere can we find in the statute any provision which indicates that a person subject to its provisions must knowingly refuse to take the test. We think that the contrary is indicated." 286 So.2d at 725.
In the instant case, appellee argues to this court that the issue on appeal is not a question of law, but a question of fact. Appellee maintains the trial court found as a matter of fact that he did not refuse to take the breath test.
Where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. Ferrell v. Fireman's Fund Insurance Co., 94-1252 (La. 2/20/95), 650 So.2d 742; ODECO Oil & Gas Company v. Nunez, 532 So.2d 453 (La.App. 1st Cir.1988), writ denied, 535 So.2d 745 (La.1989). However, where the weight of the evidence is so nearly equal that a first-hand view of the witnesses is essential to a fair resolution of conflicting evidence, the case should be remanded for a new trial. Jones v. Black, 95-2530 (La. 6/28/96), 676 So.2d 1067; Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707 (La.1980)[2].
*1017 Trooper Varnado testified that prior to entering the room where the intoxilyzer machine was kept, he read to Mr. Salassi the form entitled "Rights Relating to Chemical Test for Intoxication", introduced into evidence as "D.P.S. # 9". This exhibit includes warnings regarding: the consequences of refusal to submit to a chemical test; the consequences of submission to the test with incriminating results; additional considerations applicable to drivers of commercial vehicles; the right to additional testing at the subject's expense; and a subject's constitutional rights.[3] The rights form also states, "IF YOU REFUSE THE TEST UNTIL YOU CAN CONSULT AN ATTORNEY, YOU WILL STILL LOSE YOUR DRIVER'S LICENSE." (Emphasis original.) Mr. Salassi signed the form, following the statement reading, "I am under arrest and have been advised of all of the above rights and consequences that affect my driver's license." Trooper Varnado stated he and Mr. Salassi thereafter moved into the intoxilyzer room.
Trooper Varnado testified that before he could explain the test, Mr. Salassi said he was not going to take it. Trooper Varnado went on to explain the procedure and prepare the intoxilyzer for the test. He then handed the mouthpiece to Mr. Salassi and told him if he wished to submit to the test, he had three minutes to blow into the mouthpiece until the tone stopped. Trooper Varnado further testified that Mr. Salassi put the mouthpiece down on the table without blowing into it. Introduced into evidence was "D.P.S. # 8", the Intoxilyzer 5000 Operational Check List. This form was signed by Officer Varnado and listed the procedures for administering the breach test which were all marked as having been complied with, except one. Next to the item listed as "Have subject blow into mouthpiece until tone stops", the form was marked, "Refused". Thereafter, when Trooper Varnado began to interview Mr. Salassi with regard to the D.W.I. charges, the trooper stated that Mr. Salassi wanted him to "refler [sic]" to his attorney.
Mr. Salassi gave the following version of these events:
[I]n the room itself the officer was going over a checklist oftalking andI guess they have to give a brief explanation of what the machine is and what it does. And simply during this time the only thing I said I wanted to refer to my attorney or talk to my attorney. And there was no handing me a tube or me turning away a tube....
Mr. Salassi further stated, "I was never given the opportunity to take the test."
Henry Salassi, the father of Robert Salassi, also testified before the lower court. The elder Mr. Salassi was called to impeach the credibility of Officer Varnado as to statements the trooper made at the administrative hearing which were urged as being contradictory to his testimony at trial. Henry Salassi testified that Trooper Varnado did not testify at the administrative hearing that he physically offered the test to Robert Salassi by handing him the tube. Henry Salassi further testified that the trooper stated only that he asked Robert Salassi about the test and at that point, Robert Salassi stated he wanted to refer to his attorney. Trooper Varnado stated that his testimony was not given in a chronological manner at the administrative hearing, but he did not deny that he could have said the reference to Salassi's attorney was made in the intoxilyzer room.
Thus, we find the testimony in direct conflict with regard to the dispositive issue in this case; i.e., whether Mr. Salassi refused to take the breath test upon a request by Trooper Varnado. Since we find the weight of the evidence to be nearly equal on this issue, a first-hand view of the witnesses is essential to a fair resolution of the conflicting evidence. Therefore, the case should be remanded for a new trial.

AUTHORITY FOR SUSPENSION OF DRIVING PRIVILEGES FOLLOWING A REQUEST FOR ADMINISTRATIVE HEARING
In support of the lower court judgment, Mr. Salassi argues, alternatively, that suspension *1018 is not authorized under La.R.S. 32:661 et seq. where a request for an administrative hearing is made. The basis for this argument is the failure of La.R.S. 32:661 et seq. to include provisions which set forth the term of suspension which can be imposed following the administrative hearing authorized to be held under La.R.S. 32:667(A)(2). The statutes provide for seizure of a person's license upon refusal to submit to an approved chemical test for intoxication as provided by La.R.S. 32:666(A)(1) and 32:667(A)(1). At that time the subject is provided with a temporary driver's license and is notified that he has ten days from the date of arrest to make a written request to the DPS for an administrative hearing to be held in accordance with La.R.S. 32:668. La.R.S. 32:667(A). Under La.R.S. 667(B), if no request is made for the administrative hearing provided for in paragraph (A), then the person's license is suspended for the term provided in paragraph (B). There is no other provision in these statutes which provides for the term of suspension following an unfavorable decision by the administrative hearing officer. This apparent oversight was previously recognized in a concurring opinion to Williamson v. Louisiana Department of Public Safety and Corrections, 597 So.2d 1145 (La.App. 1st Cir.1992), wherein it was stated, "[N]o statute gives the standard or criteria for suspending the license where the motorist refused to submit to the chemical test and made a timely written request for an administrative hearing. ... These statutes are in need of legislative attention." (Emphasis original.) 597 So.2d at 1148.
Nevertheless, the record does not reflect that Mr. Salassi made this argument to the trial court. Issues not submitted to the trial court for decision will generally not be considered by the appellate court on appeal. Brown v. Automotive Casualty Insurance Company, 93-2169 (La.App. 1st Cir. 10/7/94), 644 So.2d 723, writ denied, 94-2748 (La. 1/6/95), 648 So.2d 932. Further, as we have disposed of this case on other grounds, we find it unnecessary to decide this issue.
For the reasons assigned herein, the judgment of the trial court recalling the suspension of Robert O. Salassi's driving privileges is vacated, and the matter is remanded for a new trial. All costs of this appeal are to be borne equally by the parties.
VACATED AND REMANDED FOR NEW TRIAL.
NOTES
[1] Judge Carl A. Guidry, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] This court in Willis v. Letulle, 597 So.2d 456 (La.App. 1st Cir.1992), cast doubt on the continued viability of a Ragas remand for retrial where a first-hand view of the witnesses is necessary for a fair resolution of the matter. However, the Supreme Court in Jones reiterated its holding in Ragas and ordered a remand for that reason.
[3] Certain information is required to be given by La.R.S. 32:661(C) when a person is requested to undergo a chemical test.