897 So.2d 128 (2004)
CERTIFIED CAPITAL CORPORATION
v.
Carl Scott REIS and Rebecca Cunard Reis
No. 2003 CA 2525.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
Writ Denied January 28, 2005.
*129 Keith P. Richards, Karen Trevathan Richards, Baton Rouge, Counsel for Plaintiff/Appellant Certified Capital Corporation.
Michael H. Rubin, Michael D. Ferachi, Baton Rouge, Counsel for Defendants/Appellees Rebecca Cunard Reis Carl Scott Reis.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
On appeal in this suit on a demand note, the plaintiff contests a judgment sustaining a peremptory exception raising the objection of prescription and dismissing its lawsuit. For the following reasons, we reverse the judgment of the trial court.
On June 16, 1998, Certified Capital Corporation instituted this suit to collect on a demand note against Carl Scott Reis and his spouse, Rebecca Cunard Reis. The defendants responded by filing a peremptory exception raising the objection of prescription. After hearing the matter, the trial court sustained the exception and dismissed plaintiff's lawsuit with prejudice. Certified Capital Corporation appeals.
The trial court provided oral reasons for judgment in this case. Therein, the court stated that the provisions of LSA-C.C. art. 3498 apply to this case. The court, then, concluded that five years had passed since execution of the note and sustained the exception of prescription. On appeal, Certified Capital Corporation contends the trial court erred in applying LSA-C.C. art. 3498[1] rather than LSA-R.S. 10:3-118[2] herein.
Pursuant to LSA-C.C. art. 3498, actions on instruments and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. Similarly, an action to enforce a demand note is barred if neither principal nor interest on the note has been paid for a continuous period of five years. LSA-R.S 10:3-118(b). While both statutes provide for a five year prescriptive period, the theories on which a plaintiff may rely to establish that the claim is not barred by prescription differ under the two statutes. Under LSA-C.C. art. 3498, the theories available in opposing an exception of prescription are suspension, interruption, renunciation, and acknowledgement. Lima v. Schmidt, 595 So.2d 624, 631 (La.1992). LSA-R.S. 10:3-118(b) provides that prescription *130 is interrupted by demand for payment.
The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of the government. Ethyl Corp. v. Collector of Revenue, 351 So.2d 1290, 1293 (La.App. 1 Cir.1977), writ denied, 353 So.2d 1035 (La.1978). Under the general rules of statutory construction, courts begin with the premise that legislation is the solemn expression of legislative will. LSA-C.C. art. 2. Therefore, the interpretation of a law involves, primarily, the search for the legislature's intent. Falgout v. Dealers Truck Equipment Co., 98-3150, p. 2 (La.10/19/99), 748 So.2d 399, 401. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. Furthermore, all statutes on the same subject matter should be read together and Interpreted as a whole to effect the legislative intent and should be construed in such a way as to reconcile, if possible, apparent inconsistencies or ambiguities so that each part is given effect. Comm-Care Corp. v. Bishop, 96-1711, p. 9 (La.7/1/97), 696 So.2d 969, 974.
While LSA-C.C. art. 3498 applies to all promissory notes, LSA-R.S. 10:3-118(b) applies only to demand notes. We do not find these expressions of law to be mutually exclusive. Therefore, reading these statutes together, one opposing an exception of prescription on a demand note, as is the case herein, is not limited to asserting only suspension, interruption, renunciation, and acknowledgement under LSA-C.C. art. 3498, but may also assert demand under LSA-R.S. 10:3-118.[3] Thus, the trial court erred in failing to consider whether prescription was interrupted under LSA-R.S. 10:3-118.
The record reflects that Mr. Reis executed a promissory note for the sum of $300,000 in favor of Certified Capital Corporation on September 29, 1989. The note was payable upon demand. Mr. Reis paid nothing on the note. At trial, Robert S. Cunard, Jr., president of Certified Capital Corporation, testified that he sent a letter by United States mail to Mr. Reis at his office on Weymouth Street in Baton Rouge, Louisiana, on August 1, 1994. In admissions of fact, Mr. Reis conceded that he maintained an office at the Weymouth Street address at all pertinent times. Mr. Cunard also testified that, in the letter of August 1, 1994, he stated that the letter "shall serve as a formal demand for payment in full" of the note. At the hearing on the exception of prescription, Mr. Cunard testified that, on more than one occasion during August and September of 1994, Mr. Ries told him that "he was going to come in and sign a new note because [Cunard] was worried about [the note] prescribing." Mr. Reis did not testify at the trial of the exception. However, at the trial of the exception, the parties stipulated that, if Mr. Reis did testify his testimony would be that he never received the letter. Therefore, the issue of whether a demand for payment occurred was before the trial court. The trial court erred in failing to review this evidence in accordance with the provisions of LSA-R.S. 10:3-118(b) to determine whether prescription was interrupted.
*131 Under most circumstances, when an appellate court finds legal error in a judgment and the record is complete, an independent review is conducted and judgment is rendered on the merits. Gonzales v. Xerox, 320 So.2d 163, 165 (La.1975). However, in some cases, "the weight of the evidence is so nearly equal that a first-hand view of witnesses is essential to a fair resolution of the issues. The appellate court must itself decide whether the record is such that the court can fairly find a preponderance of the evidence from the cold record. Where a view of the witnesses is essential to a fair resolution of conflicting evidence, the case should be remanded for a new trial." Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707, 708 (La.1980). See also Jones v. Black, 95-2530 (La.6/28/96), 676 So.2d 1067; Salassi v. Dep't, Public Safety, 9600321, p. 2 (La.App. 1 Cir. 11/15/96), 684 So.2d 1014, 1016. After careful review of the record, we find that serious issues of credibility with respect to the fact witnesses exist herein and that the weight of the evidence is so nearly equal that a first-hand view of the witnesses is essential to a fair resolution of the issues. Therefore, we will remand the case for a new hearing on the exception of prescription.
For the foregoing reasons, the judgment of the trial court is vacated and this case is remanded for further proceedings consistent with our opinion herein. Costs are assessed equally against Carl Scott Reis and Rebecca Cunard Reis.
VACATED AND REMANDED.
NOTES
[1] LSA-C.C. art. 3498 provides:

Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible.
[2] LSA-R.S. 10:3-118 provides, in pertinent part:

(a) Except as provided in Subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within five years after the due date or dates stated in the note or, if a due date is accelerated, within five years after the accelerated due date.
(b) Except as provided in Subsection (d) or (e), if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within five years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of five years.
[3] We note that both LSA-C.C. art. 3498 and LSA-R.S. 10:3-118 were passed in the same legislative session.