WILLIAM MOORE
v.
RICHARD STALDER, SECRETARY OF THE DEPARTMENT OF CORRECTIONS, AND MARY COCKERAN, CUSTODIAN OF RECORDS
No. 2008 CA 1659.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
WILLIAM S. MOORE, In Proper Person.
TERRI L. CANNON, Counsel for Defendant/Appellee, Richard Stalder, Secretary of the Department of Corrections.
Before: CARTER, C.J., WHIPPLE, AND DOWNING, JJ.
WHIPPLE, J.
William Moore, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department"), appeals from a judgment of the district court dismissing his petition for judicial review, with prejudice, in accordance with the Commissioner's recommendation,
Moore filed a petition for judicial review in the Nineteenth Judicial District Court, again challenging the Department's denial of "good time" credits based on his classification by the Department as a second offender of a crime of violence. Moore, who is incarcerated for an armed robbery committed in Louisiana, essentially contended that a prior conviction of attempted sexual battery on a juvenile in the State of Florida was improperly used to classify him as a second offender of a crime of violence and, consequently, to deny him good time credit.
In 2004, the Commissioner issued a report recommending: (1) reversal of the Department's decision to deny Moore good time eligibility on the basis that the record did not contain "sufficient evidence to support the Department's final decision that an attempted sexual battery of unknown date from Florida fits Louisiana's definition of a violent crime" and (2) dismissal of the appeal, but without prejudice. Noting the inadequacies of the administrative record, the Commissioner recommended dismissal with the caveat that should the Department obtain valid information or documentation that would show that the applicable Florida statute involves conduct defined as violent by LSA-R.S. 14:2(B), the issue of good time eligibility as provided by LSA-R.S. 15:571.3(D) could be reconsidered.[1] On review, the district court adopted the recommendation for the reasons set forth in the Commissioner's Report and reversed the Department's decision, without prejudice, at the Department's cost.
In December of 2004 and January of 2005, Moore again complained that despite the judgment reversing the Department's denial of his good time eligibility, his "rap sheet" still indicated that he was not eligible for good time credit. In 2008, the Department filed two "Brief[s] in Support of Maintaining Agency Determination," defending the Department's denial of good time eligibility and Moore's classification as a second offender of a crime of violence. In these filings, the Department contended that, in addition to Moore's 1995 armed robbery conviction, he committed acts in Florida on February 8, 1987, for which he had been subsequently arrested and charged with the offenses of kidnapping (F.S. 787.0 l(l)(a)(2)) and sexual battery (F.S. 794.011(2), and for which he had entered a plea bargain and was convicted of the lesser included offenses of attempted sexual battery (F.S. 794.011(2)) and false imprisonment (F.S. 787.02). In sum, the Department contended that Moore's predicate acts in Florida, his plea, the original charges, and the subsequent convictions based on the statutory language in effect at the time, provided sufficient evidence and a reasonable basis for the Department's denial of good time eligibility based on its classification of Moore as a second offender of a crime of violence. In support, the Department also filed a "Notice of Compliance" (with the Commissioner's 2004 Report) and attached: (1) the 1987 Florida statutes; (2) information from Moore's master record; (3) information from Hillsborough County Sheriffs Office; (4) information from the Clerk of the Circuit Court of Hillsborough County, Florida; and (5) sealed records from the Tampa Police Department pertaining to a crime upon a juvenile.
The matter was set for a Commissioner's review of the Department's determinations based on the expanded record. On March 24, 2008, the Commissioner issued an extensive report and recommendation, noting that contrary to Moore's contentions, the administrative record showed that the Florida crimes at issue were considered crimes of violence in Louisiana under the applicable law in effect at the time. The Commissioner further recommended that because "the Department did not notify [Moore] or [the District] Court in a timely manner of the additional documentation obtained in 2004 that made [the District] Court's previous judgment superfluous" and "because an additional hearing was necessary to admit further documentation in this suit at the request of [Moore] and in an effort to expedite [Moore's] complaint," the Department be assessed with any additional costs even though entitled to final judgment in its favor. The district court then rendered judgment, affirming the Department's denial of good time eligibility and dismissed the appeal, with prejudice, but at the Department's costs, in accordance with the Commissioner's report.
On appeal to this court, Moore contends: (1) that he pled guilty to the armed robbery offense in Louisiana "so [that] the state would be unable to use his prior convictions to enhance his penalties]"; (2) that the district court violated his constitutional rights to due process and access to the courts; (3) that the state was allowed to improperly introduce evidence of his original charges when he pled guilty to lesser included offenses; and (4) that the state did not timely comply with the 2004 judgment of the district court.
At the outset, however, we note that the record does not indicate that Moore ever raised any such constitutional claims or evidentiary challenges in the ARP, or before the Commissioner, or the district court. Issues not submitted to the trial court for decision will generally not be considered by the appellate court on appeal. Salassi v. State, Department of Public Safety and Corrections, Administrative Hearing Section, 96-0321 (La. App. 1st Cir. 11/15/96), 684 So. 2d 1014, 1018. Accordingly, we pretermit consideration of any constitutional or evidentiary challenges in the assignments of error.
Moreover, on the merits, although Moore contends he was not convicted of a "crime of violence" under LSA-R.S. 14:2(B) (formerly LSA-R.S. 14:2(13)) as required by LSA-15:571.3D in December of 1994 when he committed the armed robbery, we agree with the Commissioner that while Moore may be technically correct in his contention that the list of crimes in LSA-14:2(B) in 1994 and 1995 did not specifically include attempted sexual battery (as it now does) or false imprisonment, it did include the crimes of sexual battery and oral sexual battery, as well as a general definition that included a broad range of violent behavior, including "the attempted" use of physical force against another that, by its nature, also involved a substantial risk that physical force "might" be used against the victim in its commission. Further, this Circuit has previously held that the list of enumerated crimes in LSA-R.S. 14:2(B) is illustrative rather than exclusive. See Coates v. Day, 2000-2164 (La. App. 1st Cir. 12/28/01), 804 So. 2d 893, 894. Thus, we find no error in the Commissioner's recommendations (and the district court's rulings) on this issue.
In reference to Moore's claim that "he made a deal with the state" such that in exchange for his guilty plea on the armed robbery offense, the state would not use his prior convictions against him, we note that a review of the Boykmization transcript reveals that Moore pled guilty to armed robbery as charged, and in exchange, the state dismissed the charge of second degree kidnapping and agreed not to file an Habitual Offender Bill against Moore. The record contains no evidence whatsoever that any agreement was made that his conviction for a crime of violence would not be used to classify him as a second offender of a crime of violence so as to deny him eligibility for good time credit. This claim is unsupported and meritless.
Finally, with reference to Moore's complaint that the Department failed to timely comply with the Commissioner's request that the Department obtain valid information or documentation to show that the applicable Florida statute involves conduct defined as violent by LSA-R.S. 14:2(B), we note that the Commissioner adequately noted, in her 2008 report, that the Department failed to timely notify the Commissioner of the additional documentation obtained in 2004. The Commissioner then recommended, and the district court agreed, that the Department be cast with any additional costs in the suit. Thus, Moore's petition was dismissed, but at the Department's costs. Because Moore has shown no harm attributable to this delay, we find the Department has been sufficiently penalized for any delays it caused.
After a thorough review of the record, we agree with the district court's determination that the Florida crimes were considered crimes of violence in Louisiana under the applicable law in effect at the time. We further find no error of law or abuse of discretion by the district court. For these reasons, we affirm the April 18, 2008 judgment of the district court dismissing Moore's suit, with prejudice. All costs of this appeal are assessed to the appellant, William Moore.
AFFIRMED.
NOTES
[1] Pursuant to LSA-R.S. 15:571.3(D), formerly LSA-R.S. 15:571.3(C)(4), diminution of a sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if the offense at issue is a second offense crime of violence as defined by LSA-R.S. 14:2(B), formerly LSA-R.S. 14:2(13).