182 So.2d 138 (1966)
Ignatius J. BARRECA, Individually, and on Behalf of His Minor Daughter, Josephine Ann Barreca,
v.
UNITED STATES FIRE INSURANCE CO. et al.
No. 1980.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1966.
Rehearing Denied February 7, 1966.
*139 Hattier, Schroeder & Kuntz, Herman M. Schroeder, New Orleans, for plaintiff-appellee.
Sessions, Fishman, Rosenson & Snellings, William P. Rutledge, New Orleans, for defendants-appellants.
Before REGAN, CHASEZ and BARNETTE, JJ.
REGAN, Judge.
The plaintiff, Ignatius J. Barreca, filed this suit individually and on behalf of his minor daughter, Josephine Ann Barreca, against the defendants,[1] Joseph A. Barreca and the United States Fire Insurance Company, his liability insurer, endeavoring to recover the sum of $31,500.00 representing monetary damages for personal injuries which he asserts were sustained by his minor daughter and medical expenses incurred by him on her behalf as the result of the negligence of the defendant in improperly storing lumber on the rear porch of his dwelling.
The defendant answered and simply denied the foregoing accusations of negligence.
Following a trial on the merits, the jury returned a verdict in favor of the plaintiff in the amount of $3,000.00 representing the child's injuries and $320.00 for medical expenses. From a judgment of the trial court predicated upon this verdict, the defendants have prosecuted this appeal.
The record reveals that on or about May 25, 1963, the plaintiff's daughter was playing on the defendant's premises with the defendant's daughter, Mary Lyn Barreca. When the accident occurred, both children were approximately five years of age and they were engaged in a game which is colloquially referred to as "playing house". The plaintiff's daughter, Josephine, was sitting under the rear porch with her legs extended out therefrom. The defendant's child, Mary Lyn, endeavored to "make a house" over Josephine by pulling down the side of a canvas tent, which her father had used to cover some lumber which he had stored on the outside of the porch railing. When the child pulled on a rope which was attached to the canvas, the lumber fell and a piece thereof struck Josephine's leg, causing a break in the lower part of the thigh bone.
Under cross examination, the defendant testified that several days before the accident he stacked a quantity of mahogany *140 shelving on the outside of the back porch railing and covered it with a child's canvas tent, which had ropes hanging from its ends. The lumber consisted of several one by eight and one by four boards, nine feet long.
The defendant readily admitted that he stored the lumber on the outside of the porch railing without properly securing it despite the fact that he was fully aware of the usual presence of young children, including the defendant's daughter who played in the area.
Under these circumstances, it is quite clear that the jury was correct in its finding that the defendant was negligent in the manner in which he stored the lumber. Since he was cognizant of the fact that children often played in the area, the defendant should have foreseen that the insecure storing of lumber on the outside of the porch railing would constitute a serious danger to the children playing in the area; therefore he should have anticipated that some injury would probably result from his failure to properly secure the lumber.[2]
The medical evidence reveals that the child incurred a fracture separation of the lower end of the femur or thigh bone. This fracture was reduced by manipulation, and a cast was applied from above the child's waist to her foot. This procedure required her to undergo a general anesthetic, and she was thereafter hospitalized for two days. She was immobilized in the cast for a period of six weeks, during which she was not able to leave her bed. When the cast was removed, she suffered temporary swelling in the area of the fracture, and of course limped for a short period thereafter. The final X rays revealed that the bone had set without complication, and the child was discharged by the orthopedist with no residual disability.
The foregoing description of the child's injuries reveals that the jury did not abuse its discretion in assessing monetary damages; therefore, its award will not be disturbed by this court.
The defendant on appeal has raised innumerable contentions relative to various errors which he asserts appear in the trial judge's charge to the jury. However, even assuming arguendo, a view which the defendant believes to be most favorable to him, that is, that the trial judge did commit several or more errors, they do not affect the ultimate result hereof. In Louisiana, the appellate courts are afforded the constitutional right to review the facts as well as the law in civil cases. In this case, the liability of the defendant is so clear, that we would have had to reverse the verdict of the jury if it had found for him. Therefore, the defendant, in the final analysis, could not have been prejudiced in any manner by virtue of any errors in the trial judge's charge to the jury.
For the foregoing reasons the judgment of the lower court is affirmed. The defendant is to pay all costs incurred herein.
Affirmed.
NOTES
[1] For the purpose of both clarity and brevity we shall hereinafter refer to Joseph A. Barreca as the defndant.
[2] Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1953).