289 So.2d 261 (1973)
Juanita DIXON
v.
Ruth C. COPELAND et al.
No. 9612.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
*262 Roy M. Maughan, Baton Rouge, for appellant.
Emile C. Rolfs, III, Baton Rouge, for defendant and third party plaintiff Traders & Gen. Ins. Co.
Ruth C. Copeland, in pro per.
Before LANDRY, ELLIS and PICKETT, JJ.
ELLIS, Judge:
This is a suit for damages arising out of an automobile-pedestrian accident. Plaintiff Juanita Dixon was struck by an automobile owned and operated by Ruth C. Copeland, an uninsured motorist. Defendants are Mrs. Copeland and Traders and General Insurance Company, plaintiff's uninsured motorist insurer. Traders and General third partied Mrs. Copeland.
After trial on the merits, before a jury, a verdict for defendants was returned, pursuant to which a judgment dismissing both the main and third party demands was signed. From this judgment, plaintiff has appealed.
The accident happened on the night of August 16, 1971. Plaintiff got into an argument with J. C. Hobbs and Norma Ragusa while in a restaurant adjacent to the Airline Highway. She left the restaurant and started to cross the highway, and Miss Ragusa followed her and attempted to pull her back into the parking lot in front of the restaurant. It was while this was going on that the accident happened.
Mrs. Copeland testified that she was driving east along the Airline Highway and observed what appeared to be two figures crossing the highway. When they were in about the middle of the eastbound lanes, they began to struggle. Mrs. Copeland stated that she took her foot off of the accelerator, placed it on the brake and began to slow her vehicle, at the same time pulling toward the shoulder on her right. She testified that she appeared to be clear of the persons struggling as she passed them, but that Mrs. Dixon was suddenly thrown into the path of her car, which was moving very slowly at the time of the impact. Mrs. Copeland stated that she did not stop her car in the highway because there was another vehicle immediately behind her, which would have hit her had she stopped suddenly, and that she could not pull to her left because of another vehicle alongside her. The impact took place in the parking lot of the restaurant, just off the travelled surface of the highway.
Plaintiff's specification of error is as follows:
"The issues in this case are whether the District Court (19th Judicial District, Parish of East Baton Rouge) committed an error of law in denying Plaintiff-Appellant's special requests for jury instructions, numbers 1-4 thereby leaving the jury no alternative, but to render a verdict in favor of the Defendant-Appellees which is contrary to the law applicable to the preponderance of the evidence presented in this case.
"This appeal is based on the premise that as a matter of law, the sole proximate cause of the accident was the negligence of the defendant, Ruth Copeland, and with proper instructions the jury should have so ruled in favor of Plaintiff-Appellant, Juanita Dixon."
The four requested instructions were rejected by the trial judge as being covered by the general charge. In the general charge, the judge instructed the jury as to the meaning of negligence, ordinary care, proximate cause, contributory negligence, the sudden emergency doctrine, the doctrine of assumption of risk, and the doctrine of last clear chance. His instructions on these points are clear and concise, and correctly state the law. However, he did not specifically instruct the jury as to the duty of a driver who is faced with a pedestrian in the highway, or that of a pedestrian in the highway.
Three of the instructions requested by the plaintiff deal with the duty of a driver *263 who sees a pedestrian in the highway ahead of him. The fourth deals with the doctrine of last clear chance.
The three former requested instructions read as follows:
"Generally, a motorist must make certain that pedestrians in front of him are aware of his approach, and when a pedestrian is apparently oblivious to the approach of an automobile, the driver is bound to realize the hazard of continuing at a high speed close to the pedestrian, and he is bound to sound his horn, slow down, and stop, if necessary.
* * * * * *
"The driver of a vehicle approaching an intersection, or place where a pedestrian is observed, has the duty to drive at such speed, and have his vehicle under such control, that he can stop on the shortest possible notice, so as to obviate, as far as reasonably possible, a collision with any pedestrians.
"Even after the driver has blown the horn or given other appropriate warning, he must slacken his speed if the pedestrian fails to heed the signal and take no risk of the pedestrian getting out of his course, especially, if the pedestrian is apparently frightened and confused and is pursuing a somewhat vacillating course in crossing the street.
"The failure to do so is negligence, and the proximate cause of any resulting injury.
* * * * * *
"You are instructed that a motorist is not obligated to stop his automobile everytime a person gets so close to it that it is possible for such person to walk into it; and he is not charged with the duty of keeping his car under such control that it may be promptly stopped when approaching a pedestrian unless it is apparent to a reasonably prudent person that failure to have his car under control will be dangerous to the pedestrian, or unless the pedestrian is in such a position on the highway that a reasonably prudent person observing the pedestrian would take such precaution.
"However, the law imposes on a motorist the duty of exercising reasonable diligence in bringing his car to a stop after discovering a pedestrian in front of him in danger of being struck by his car; and it is frequently the duty of an automobile driver to stop his vehicle rather than take any chance of inuring (sic) the pedestrian by swinging to either side of him."
The Highway Regulatory Act provides for the duty owed by the driver to the pedestrian in R.S. 32:214, as follows:
"Notwithstanding the foregoing provisions of this Part, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a highway."
As can be seen, the requested instructions go far beyond the duty imposed by the law. In addition, they are based on statements made in cases which must be interpreted in the light of the facts thereof. The district judge would have been justified in rejecting these requested instructions even though the subject matter is not specifically covered by the general charge.
The district judge charged the jury as to the doctrine of last clear chance as follows:
"For the doctrine of last clear chance to be applicable, all three of the following essential elements must be established: one, that the plaintiff relying on the doctrine must have been in a position of danger of which she was unaware or from which she was unable to extricate or remove herself; two, the person against whom the doctrine is invoked (in this case, the defendant, Mrs. Copeland) must have either actually discovered or *264 should have discovered by the exercise of ordinary and reasonable care the other person's peril; and, three, at such time the person against whom the doctrine is invoked could have avoided the accident with the exercise of reasonable care."
The plaintiff maintains that he should have instructed the jury that the driver who sees or should see a person must use "every possible available means" to avoid the accident. The district judge has correctly stated the law. See Jackson v. Cook, 189 La. 860, 181 So. 195 (1938); Rottman v. Beverly, 183 La. 947, 165 So. 153 (1935); Belshe v. Gant, 235 La. 17, 102 So.2d 477 (1958).
We therefore find no merit in the specifications of error. However, we must point out that, in our opinion, the instructions to the jury are deficient in that the judge failed to instruct the jury as to the respective rights and duties of the parties, as provided in the Highway Regulatory Act. We must, therefore, decide if his failure to do so is so serious an error as to require a remand for a new jury trial.
It is now settled that Louisiana appellate courts have the right and duty to review both the law and facts in civil cases, whether tried by a jury or before a judge alone. Article VII, §§ 10 and 29, Louisiana Constitution of 1921. However, when a case is tried before a jury and the instructions as to the law are so erroneous as to prevent a proper judicial determination of the issues presented to it, the case may be remanded to the trial court for a new trial before a properly instructed jury. Bienvenu v. Angelle, 254 La. 182, 223 So. 2d 140 (1969). In that case, because of an erroneous instruction the jury was precluded from considering half of the plaintiff's case.
The same situation does not pertain here. All of the evidence was heard and considered by the jury, they were properly instructed on the various points of law hereinabove outlined, and no erroneous instructions were given. After reviewing the evidence presented in the light of the applicable law, we find that our conclusion is the same as that reached by the jury. We find no negligence on the part of Mrs. Copeland, who took reasonable action to avoid striking the plaintiff. She could not be required to anticipate that someone would throw the plaintiff into the front of her vehicle.
We do not find that the failure of the trial judge to instruct the jury as to the particular rights and duties of the parties is so great an error as to mislead the jury or to prevent them from considering all the evidence presented.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
Affirmed.