388 So.2d 707 (1980)
Edward C. RAGAS
v.
ARGONAUT SOUTHWEST INSURANCE CO. et al.
No. 67110.
Supreme Court of Louisiana.
September 3, 1980.
Rehearing Denied October 6, 1980.
Andry & Andry, Edwin R. Fleischmann, Jr., Jerald N. Andry, Gilbert V. Andry, III, New Orleans, for plaintiff-applicant.
Lawrence J. Centola, Jr., McGlinchey, Stafford, & Mintz, Adams & Reese, Edward J. Rice, Jr., New Orleans, Oscar L. Schoenfelt, III, D. Michael Dendy, for defendants-respondents.
FEDOROFF, Justice Ad Hoc.[*]
Ragas's suit for medical malpractice was dismissed at the close of all the evidence on defendants' motions for directed verdict. On appeal, the Court of Appeal, Fourth Circuit (379 So.2d 822) affirmed the directed verdicts as to the anesthetist, the recovery room nurse, and the hospital. As to the operating surgeon, however, the Court found that the plaintiff's claim should have gone to the jury, and reversed the directed verdict.
Following Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), the Court reviewed the record, decided that plaintiff had failed to prove his case, and dismissed his suit on the merits.
Certiorari was granted so that this court might reconsider the implications of its Gonzales decision in light of Judge Lemmon's concurring opinion (on the Court of Appeal) in this case.
In Gonzales, the Court of Appeal had found a jury charge substantially deficient and had remanded the case for a new trial. This court, having granted certiorari, remanded the case to the Court of Appeal with instructions to consider the trial record and enter judgment on the merits. The majority reasoned that since the record was complete, and because the Louisiana constitution vests fact-finding jurisdiction in our appellate courts, judicial economy was best served by a prompt decision on the record, rather than a remand with its attendant delay.
The concurrence in the case at hand notes an apparent inconsistency between the limitations *708 imposed by the manifest error rule on appellate review of trial-found facts, and the Gonzales procedure that requires an original finding of facts by an appellate court.
The manifest error rule is the standard by which the fact-finding function of the trial court is measured. It assumes legal issues were correctly decided. Gonzales treats a separate problem: What should be done with a complete record on appeal when some legal error deprives the judgment of the presumption of factual correctness it would otherwise possess?
As noted in 41 Tul.L.Rev. 922, review of facts has been part of our appeals process since 1816, when the continental practice was adopted in Abat v. Doliolle, 4 Mart (O.S.) 316. Since 1879, it has been authorized by every Louisiana constitution.
As observed in Gonzales:

"... appellate courts render judgments on the merits when the trial court has made a consequential but erroneous ruling on the exclusion or admission of evidence. Builliard v. New Orleans Terminal Co., 185 La. 924, 171 So. 78 (1936); Baker v. D. H. Holmes Co., Ltd., 285 So.2d 282 (La.App. 4th Cir. 1973); Broussard v. State Farm Mutual Automobile Ins. Co., 188 So.2d 111 (La.App. 3rd Cir. 1966), writ denied, 249 La. 713, 190 So.2d 233. Likewise, when an appellate court has all the facts before it, a trial judge's erroneous instruction to the jury does not warrant a remand. Dixon v. Copeland, 289 So.2d 261 (La.App. 1st Cir. 1973); Clay-Dutton, Inc. v. Plantation Nursing Home, 239 So.2d 442 (La.App. 4th Cir. 1970); Barreca v. United States Fire Insurance Co., 182 So.2d 138 (La.App. 4th Cir. 1966); Duet v. Montagnet, 160 So.2d 561 (La.App. 4th Cir. 1964).
The practice has served to minimize the harm of trial court error by allowing appellate correction without the delay, effort and expense inherent in remand. It is a constitutionally authorized and statutorily required expedient.[1]
Not until Herbert v. Travelers Indemnity Co., 193 So.2d 330 (La.App. 4th Cir. 1966); and Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969) has an appellate court in modern times remanded a case for retrial because of legal errors where the record was otherwise complete. As noted in Gonzales, both of these cases have been criticized. See 41 Tul.L.Rev. 922 and 30 La.L. Rev. 301.
Where a finding of fact is interdicted because of some legal error implicit in the fact finding process or when a mistake of law forecloses any finding of fact, and where the record is otherwise complete, the appellate court should, if it can, render judgment on the record.
This is not to say, and Gonzales should not be read to require, that the appellate court must find its own facts in every such case. There are cases where the weight of the evidence is so nearly equal that a first-hand view of witnesses is essential to a fair resolution of the issues. The appellate court must itself decide whether the record is such that the court can fairly find a preponderance of the evidence from the cold record. Where a view of the witnesses is essential to a fair resolution of conflicting evidence, the case should be remanded for a new trial.
Implicit in the Court of Appeal's affirmation of the directed verdicts in favor of the anesthetist, the recovery room nurse and the hospital was its conclusion that plaintiff's claim against them would also have been dismissed on the merits. We *709 have therefore reviewed this ruling, as well as the dismissal of plaintiff's claim against the surgeon on the merits, in order to determine whether the record is such that the Court of Appeal could fairly discern the preponderance of the evidence without viewing the witnesses and whether the resolution of the case was correct. The record is clear that the plaintiff has failed to prove liability against any of the defendants.
For these reasons, the judgment of the Court of Appeal is
AFFIRMED.
DIXON, C. J., dissents with reasons.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
Plaintiff has been denied his right to trial by jury.
NOTES
[*] The Honorable Gerald P. Fedoroff participated in this decision as an Associate Justice Ad Hoc in place of Associate Justice Harry T. Lemmon, who was recused.
[1] The present Louisiana Constitution of 1974 provides that the jurisdiction of the supreme court in civil cases extends to both law and facts. Art. 5, Sec. 5. As to courts of appeal, the constitution provides: "Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts." Art. 5, Sec. 10.

These constitutional provisions are implemented by the Louisiana Code of Civil Procedure, Art. 2164: "The appellate court shall render any judgment which is just, legal and proper upon the record on appeal."