_jjAMY,
concurring in part, dissenting in part.
I concur in the majority’s determination that the statements at issue were impermissible hearsay as they did not meet the necessary requirements for the exceptions urged. However, while I agree that the *216 nature of the statements requires a reversal, I respectfully dissent from the majority’s conclusion that this case is one that can be reviewed by the appellate court on a de novo basis and judgment rendered. In this case, the testimonies of the plaintiff, her sister, and the manager differ sufficiently in all regards that it appears to me that credibility determinations are critical. As a finding of credibility in any one direction could be critical to the outcome of the case, this case should be remanded for the trial court to make those determinations. While an appellate court should render judgment on a full record, if it can, “[wjhere a view of the witnesses is essential to a fair resolution of conflicting evidence, the: case should be remanded for a new trial.” Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707, 708 (La.1980). See also Louisiana Intrastate Gas Corp. v. Walsh Brothers-Gahagan Ltd., 96-1295 (La.App. 3 Cir.3/12/97); 692 So.2d 1177; Savin v. Allstate Ins. Co., 579 So.2d 453 (La.App. 1 Cir.1991). This is such a case. Accordingly, I would remand this matter for a new trial.
*217 [[Image here]]
*218 EXHIBIT B
[[Image here]]