WELCH, J.,
dissenting.
hi respectfully disagree with the majority opinion in this matter. I believe that the jury interrogatory relating to nonpecu-niary damages was a misstatement of the law and constitutes reversible legal error. Therefore, I would reverse the judgment of the trial court and remand this matter for a new trial.
Jury interrogatories must fairly and reasonably point out the issues to guide the jury in reaching an appropriate verdict. Townes v. Liberty Mutual Insurance Company, 2009-2110 (La.App. 1st Cir.5/7/10), 41 So.3d 520, 527. If the verdict form does not adequately set forth the issues to be decided by the jury, i.e. omits an applicable legal principle or is misleading and confusing, such interrogatories may constitute reversible error. Abney v. Smith, 2009-0794 (La.App. 1st Cir.2/8/10), 35 So.3d 279, 283 writ denied, 2010-0547 (La.5/7/10), 34 So.3d 864.
According to the record in this matter, the plaintiffs alleged and presented evidence at trial that they suffered nonpecu-niary losses or damages due to the alleged breach of contract by Homes by Paige. Louisiana Civil Code article 1998 provides that “[djamages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpe-cuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew or should have known, that his failure to perform would cause that kind of loss.” However, the jury interrogatory relating to nonpecuniary damages required a finding that Homes by Paige contractually agreed to pay such damages in order for the Ledbetters to recover nonpecuniary |2damages. This interrogatory effectively precluded the Ledbetters from recovering nonpecuniary damages. The jury was not given the option of finding that nonpecuniary damages were warranted in the absence of a contract providing for such damages, contrary to La. C.C. art. 1998. Thus, the jury form did not adequately set forth the entirety of the issues pled and tried to the jury.
The jury interrogatory was also legally incorrect insofar as it provided that the plaintiffs could only recover nonpecuniary *150 damages if such damages were contractually agreed to when they may have otherwise been legally entitled to such damages based on the evidence. Furthermore, we note that the trial court’s instructions to the jury included a proper statement of the law in accordance with La. C.C. art. 1998 with regard to nonpecuniary damages. However, it nonetheless issued a jury interrogatory (over the objection of the plaintiffs) that was inconsistent with the jury charge, and thus, misled and confused the jury. Therefore, in my opinion, the trial court’s inadequate, misleading, confusing, and legally incorrect jury interrogatory relating to nonpecuniary damages constituted reversible legal error.
When an appellate court finds that a reversible legal error or clear error of material fact was made in the trial court, it is required, whenever possible, to review the case de novo from the entire record and render judgment on the merits. Norfolk Southern Corporation v. California Union Insurance Company, 2002-0369 (La.App. 1st Cir.9/12/08), 859 So.2d 167, 188 writ denied, 2003-2742 (La.12/19/03), 861 So.2d 579. However, there are cases where the weight of the evidence is so nearly equal that a first-hand view of the witnesses is essential to a fair resolution of the issues. Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707, 708 (La.1980). Where such a need arises, the case should be remanded for a new trial. Id. It is the duty of the appellate court to determine when the court can fairly find a preponderance of the evidence from the cold record or whether the | ¡¡case should be remanded. Id.
After reviewing the record herein, the determination of whether the Ledbetters are entitled to an award of nonpecuniary damages is based solely on their credibility, and the fact-finder’s firsthand view of their testimony is essential for a fair determination of their credibility. With the need for credibility determinations, a preponderance of the evidence cannot be fairly determined from this cold record. Therefore, the interests of justice would be best served by remanding this case for a new trial.
Thus, I respectfully dissent.