KUHN, J.,
concurring in part and dissenting in part.
hi dissent from the proposition posed by the majority that a remand is necessary in this case to achieve “justice.” The plaintiff has filed a suit for damages and a claim under 42 U.S.C. § 1983. The suit was unanswered, yet the trial court dismissed the suit following a rigorous cross-examination by the trial court itself. When the plaintiff appealed, he was met by a rule to show cause issued by this Court asking him to show cause why his appeal should not be dismissed. As of this date, this Court has neither disposed of the show cause nor offered any explanation for its issuance.
In dismissing the suit on the offer of proof made by the plaintiff, the trial court refused to accept evidence it was required to accept under La. C.C.P. art. 1702(B)(2), which states that “the testimony of the plaintiff with corroborating evidence, which may be by affidavits ... which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand.” (Emphasis added.) The majority now suggests that the trial eourt may decide on remand to require additional “corroboration through oral testimony” before confirming the default. This suggestion likewise ignores the above-quoted language of Article 1702(B)(2).
Our standard of review initially is one of legal error, which the majority recognizes. However, the majority ignores the longstanding rule of de novo review following a finding of legal error, choosing to disregard a multitude of cases that address that concept, ostensibly in an attempt to “do justice.”
| glnterestingly, the majority goes on to suggest as an alternate basis for remand *844 that there was no proof of service. This suggestion ignores the trial court record and the information provided to this Court by the district court clerk’s office, as well as the Uniform Rules of the Courts of Appeal.
Defendants failed to make any appearance in the trial court. At the confirmation hearing, the plaintiff testified that, while incarcerated in jail, he was severely beaten and repeatedly tazed by defendants without provocation. No evidence was presented in opposition to this testimony. In support of his testimony, the plaintiff attempted to introduce the affidavit of Jason Whitstone, who was incarcerated in the adjacent jail cell at the time of the incident. To establish his injuries, the plaintiff also offered certified medical records, including emergency rooms records dated the day of his release from jail, which showed that he suffered a concussion, a broken right hand, multiple abrasions on his upper arm consistent with taser marks, swelling to his left thigh, and numerous bruises to his back, chest, ribs, left thigh, lower legs and right forearm. When the trial court refused to admit these exhibits, the plaintiff proffered them into the record. I concur with the majority’s conclusion that the trial court erred in excluding these exhibits.
Following the confirmation hearing, the trial court not only refused to confirm the preliminary default, but also denied the request of plaintiffs counsel to withdraw the preliminary default from the record. The trial court on its own motion then dismissed the plaintiffs suit with prejudice. In rendering judgment, the trial court emphasized the supposed lack of corroborating evidence, as follows:
BY THE COURT: ... I’m having grave difficulty in accepting this version of events outlined by [Mr. Gorman], and you had ample opportunity to bring some other witnesses here. Medical testimony — I have no medical testimony to proceed on. Mr. Gorman’s parents could have come here today to testify. They could have corroborated some of what he’s saying, but basically you’re asking me to proceed on faith, and I’m having a little bit of difficulty trying to understand |3how someone of Mr. Gor-man’s size — which he’s average size, probably five ten and a hundred fifty or sixty pounds — is going to withstand the onslaught of five deputies, being tased four times, multiple mace. I’m just having some difficulty with that.
[[Image here]]
BY THE COURT: Well, I’m finding that you lose, that the evidence is not such that I can conclude more probably than not that all of this happened, that it happened the way it was described by your client. I don’t have any medical evidence to try to get some idea of what the damages might be, what the long term care may be, what the medical expenses may be or any of those things, so I can’t rule in your favor. [Emphasis added.]
It is ironic that the trial court’s rejection of the plaintiffs account of events was based primarily on the supposed lack of corroborating evidence when it was the trial court that erroneously excluded the corroborating evidence that the plaintiff offered.
It is well-established that when the trial court commits prejudicial legal error, such as the erroneous exclusion of evidence that occurred in this case, the fact-finding process is interdicted and, if the record is otherwise complete, the reviewing court should make an independent de novo review of the record in order to render judgment on the merits, rather than remanding to the trial court. Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502, 510; Ferrell, 650 So.2d at 747; Rosell v. ESCO, 549 *845 So.2d 840, 844 n. 2 (La.1989); McLean v. Hunter, 495 So.2d 1298 (La.1986); Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707, 708 (La.1980); Gomales v. Xerox Corporation, 254 La. 182, 320 So.2d 163, 165 (La.1975); Hebert v. ANCO Insulation, Inc., 00-1929 (La.App. 1st Cir. 7/31/02), 835 So.2d 483, writs denied, 02-2956, 02-2959 (La.2/21/03), 837 So.2d 629; Holliday v. Holliday, 00-0533 (La.App. 1st Cir.8/17/01), 795 So.2d 423, 429; Noveh v. Broadway, Inc., 95-2081 (La.App. 1st Cir.5/10/96), 673 So.2d 349, 353, writ denied 96-1431 (La.9/13/96), 679 So.2d 109; Hoyt v. Wood/Chuck Chipper Corporation, 92-1498 (La.App. 1st Cir.1/6/95), 651 So.2d 1344, 1349, writ denied. 95-0753 (La.5/19/95), 654 So.2d 695; Smith v. Smith, 615 So.2d 926, 932 (La.App. 1st Cir.), writ denied, 617 So.2d 916 (La.1993). In explaining this rule, our Supreme Court observed that, in addition to the constitutional authority of courts of appeal to review law and facts, there also is the practical consideration that judicial economy is best served by a prompt decision on the merits rather than a remand to the trial court when the appellate record is otherwise complete. Ragas, 388 So.2d at 708; Gonzales, 320 So.2d at 165-66. A de novo review serves to minimize the harm of the trial court’s error by allowing resolution of the matter on appeal without the delay, effort and expense inherent in remand. See Ragas, 388 So.2d at 708; Gonzales, 320 So.2d at 166.
In the instant case, despite the prejudicial legal error committed by the trial court in excluding several of the plaintiffs exhibits, the majority has elected not to conduct a de novo review. Instead, the majority is remanding this matter to the trial court, which has already demonstrated its unwillingness to accord the proper weight due under Article 1702(B)(2) to the evidence offered by the plaintiff at the confirmation hearing. The effect of the majority’s action is to tacitly overrule the long line of jurisprudence, including the cases cited herein, which clearly require a de novo review under the circumstances present.
The record in this case is complete since the plaintiff proffered the erroneously excluded exhibits. Nevertheless, as justification to remand this matter rather than performing its duty to conduct a de novo review, the majority cites the broad principle that in limited circumstances, “when necessary to reach a just decision and to prevent a miscarriage of justice, an appellate court should remand the case to the trial court under the authority of Code of Civil Procedure article 2164, rather than undertaking a de novo review.” Yet, the majority has cited no circumstances explaining how a de novo review would result in a miscarriage of justice in this particular case. Rather, the majority suggests that a remand is | ¡justified, despite the complete record before us, due to the trial court’s apparent conclusion that the plaintiffs testimony was not credible, as well as the possibility the trial court could decide to require additional corroboration from the plaintiff in the form of oral testimony pursuant to La. C.C.P. art. 1702(B). Incredibly, the majority’s position disregards the fact that the trial court’s reasons clearly demonstrate that its refusal to accept the plaintiffs testimony was based primarily on the lack of corroborating evidence, which ironically was provided in the very documents that the trial court erroneously excluded. Accordingly, it is farcical to accord any weight to the trial court’s purported credibility determination.
Further, the cases cited by the majority as authority for a remand are distinguishable on their facts from the present case. In Alex v. Rayne Concrete Service, 05-1457 (La.1/26/07), 951 So.2d 138 the trial court erroneously granted a peremptory *846 challenge of a juror over a Batson/Ed-monson[1] objection, which constituted a structural error. Under those peculiar circumstances, the Supreme Court held the interests of judicial economy must yield to the greater legal principles involved. Specifically, the Supreme Court concluded a remand was warranted because of the impact the structural error had not only on the parties, but also on the improperly excluded juror and our system of justice. Alex, 951 So.2d at 155-56. No such structural error occurred in the instant case.
In Wegener v. Lafayette Insurance Company, 10-0810 (La.3/15/11), 60 So.3d 1220, 1234, the Supreme Court remanded the case for a new trial based on the specific facts and circumstances of that case, as well as the particular legal issues involved. The Supreme Court held that first-hand observation of the opposing witnesses was necessary because there were multiple issues which were greatly affected by the respective credibility of the witnesses. In contrast, there |fiwas no opposing or conflicting evidence at issue in the instant case. No evidence whatsoever was introduced, challenging the plaintiffs testimony nor did any other witnesses testify at the confirmation hearing. Therefore, unlike Wegener, the facts of the present case do not warrant a remand to allow the first-hand observation of opposing witnesses.
With respect to the majority’s further rationale that the trial court could elect upon remand to require additional oral testimony under La. C.C.P. art. 1702(B)(2), it should be noted that the trial court had the opportunity to order such testimony before rendering judgment in this matter, and it elected not to do so. Particularly in view of this fact, the majority’s rationale constitutes mere speculation. Moreover, to give validity to this rationale would require remand in all confirmation cases where prejudicial legal error occurs, since the possibility will always exist that the trial court could decide on remand to require additional oral testimony under Article 1702(B)(2). In any event, once a determination was made that the trial court had committed prejudicial legal error, the issue before this Court was not whether or not the trial court might decide to require additional oral testimony on remand, but whether the plaintiff established a prima facie case supporting his claim.
Finally, as previously noted, the majority also sets forth as additional justification for a remand the assertion that it could not “independently confirm” that service was made on defendant because the appellate record contains no evidence of service. In doing so, the majority failed to explain why it was necessary to “independently confirm” that service was made, given that Uniform Rules, Court of Appeal, Rule 2-1.11 does not require that returns be included in an appellate record when they are not at issue. In this case, no issue was raised concerning service, either in the trial court or in this Court. Hence, the issue of service is not properly before this Court in the instant appeal since it was not raised concerning service, either in the trial court or in this Court. Hence, the issue of service is not properly before this Court in the instant appeal since it was not raised |7by any of the parties.[2] See Corte *847 v. Cash Technologies, Inc., 02-0846 (La. App. 1st Cir. 4/2/08), 843 So.2d 1162, 1166. Even more significantly, the majority ignores the fact that the East Feliciana Parish Clerk of Court’s Office has provided this Court with documentation verifying personal service of the suit on defendants.
The majority’s claim that a remand is just, legal, and proper under La. C.C.P. art. 2164 is unfounded. It is not justice for this Court to raise an issue on its own concerning service, without giving the plaintiff any opportunity to address that issue or supplement the record, given that the uniform rules do not require returns to be included in the appellate record when service is not at issue. It is not justice for the majority to ignore well-established jurisprudence from the Supreme Court and this Court in order to remand this case to a trial court rather than to perform its duty to conduct a de novo review of the complete record before us. It is not justice to remand this case to the trial court without restriction, which will allow defendants an opportunity to answer this suit and present evidence at this late juncture, especially since defendants repeatedly have failed to avail themselves at the proper time of numerous opportunities to answer the plaintiffs claims and present opposing evidence.[3] The majority’s refusal to conduct a de novo review of the record and render a judgment on the merits when it is clearly required to do so by well-established jurisprudence is a miscarriage of justice. For these reasons, I dissent from the majority’s remand.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Edmonson v. Leesville Concrete Company, Inc., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).

. The Supreme Court has held that when an appellate court on its own motion raises an issue that was not briefed, the parties should be given an opportunity to be heard on the issue by briefing. Merrill v. Greyhound Lines, Inc., 10-2827 (La.4/29/11), 60 So.3d 600, 602. *847 The plaintiff has been given no such opportunity in this case, despite the fact that the majority relies at least in part on the lack of service information in the record as justification for its decision to remand this matter.

. Not only did defendants fail to appear in the trial court, they also failed to make any appearance in this appeal. Specifically, defendants failed to file an appellees' brief or appear for oral argument. Further, when this matter was assigned to a five-judge panel for hearing, defendants neither filed a brief nor appeared for oral argument. Again, when this matter was set for an en banc hearing, defendants neither filed a brief nor appeared for oral argument. Delivery of the various docketing notices sent to defendants by this Court was refused and those notices were returned to this Court marked "Return to Sender.”