PER CURIAM.
pThe trial court erred in excluding the testimony of plaintiffs’ expert. “Hospice nursing” and “partial refill prescriptions” are areas that are subsumed within the expertise of plaintiffs’ expert; the fields are not separately recognized areas of expertise.
Where, as in this case, “the trial court has made a consequential but erroneous ruling on the exclusion or admission of evidence,” and the record is otherwise complete, the general rule is that the appellate court should, if it can, render judgment on the record. Gonzales v. Xerox Corporation, 254 La. 182, 320 So.2d 163, 165-166 (1975). However, an exception to this rule exists “where a view of the witnesses is essential to a fair resolution of conflicting evidence.” Ragas v. 2Argonaut Southwest Insurance Co., 388 So.2d 707, 388 So.2d 707, 708 (La.1980). “The appellate court must itself decide whether the record is such that the court can fairly find a preponderance of the- evidence from the cold record.” Id. Accordingly, this matter is remanded to the court of appeal to determine whether the record is otherwise complete, i.e, whether the excluded evidence has been properly proffered, and, if so, whether it can fairly find a preponderance of the evidence from the cold record. If it cannot, the case should be remanded for a new trial. Id.
We also conclude that the trial court erred in not allowing the substitution of the succession representative for the deceased plaintiff, Robert Thomas McGre-gor. This was not a new substantive matter brought before the court, but rather an administrative, housekeeping matter. Because defendants had nearly eight years before he died in which to depose Mr. McGregor, the defendants can demonstrate no prejudice in the matter.
Accordingly, this case is remanded to the court of appeal for further proceedings consistent with the rulings herein.
REVERSED AND REMANDED