TOBIAS, J.,
dissents and assigns reasons.
hi respectfully dissent, finding that it is inappropriate to affirm the trial court’s judgment.
I agree with Judge Ledet’s dissent that the errors of the trial judge interdict the jury’s verdict and therefore interdict the trial court’s judgment.. That being said, the proffered choices for this court are either de novo review by , this court or a remand for a new jury trial;
However, I respectfully disagree with my dissenting colleague that a remand is appropriate or even necessary. I find that based upon the facts of this case, a de novo review by this court would adequately result in an appropriate decision and judgment. No significant questions of fact are presented for which the trier of fact has to make any credibility calls based upon an eyeballing of the-witnesses. I find that Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980) and Wegener v, Lafayette Ins. Co., 10-0810 (La.3/15/11), 60 So.3d 1220, require this court to conduct a de novo review and render a judgment based thereon. I do not find that |2the' other jurisprudence cited by:the majority or my colleague’s dissent would come close to requiring a remand for a new jury trial.
To me, the underlying facts are clear. Ms. Chapman, an adult, was stabbed in the eye by her close friend and handpicked roommate, an adult, in their room in the college residence facility of the defendant. The record adequately reflects what Southern University did and did not do to protect Ms. Chapman. The duty of Southern University is readily clear from -the record- on appeal and thus presents no impediment to an appropriate adjudication and determination of the facts and damages, if any, to which Ms. Chapman may be entitled.
The remand and retrial will waste significant time, energy, and resources.