WEIMER, J.,
dissenting in part and concurring in part.
bln answering the interrogatories, the jury in this medical malpractice case determined that defendant breached the applicable standard of care in his treatment of Mrs. Thibodeaux and that the breach caused Mrs. Thibodeaux to sustain injury, but not her husband or minor child. When asked to determine the amount of money that would “fully and fairly compensate” Mrs. Thibodeaux for the damage sustained as a result of defendant’s breach of the applicable standard of care, the jury awarded special damages for Mrs. Thibo-deaux’s medical expenses, but declined to award general damages. On appeal, the court of appeal determined that the jury’s finding that Mrs. Thibodeaux was entitled to an award of special damages, but no general damages was, under the facts, so inconsistent as to constitute an abuse of its much discretion. Thibodeaux v. Donnell, 15-0503, p. 7 (La.App. 1 Cir. 2/24/16), 189 So.3d 469, 475. Given its determination that the jury’s failure to award general damages was an abuse of discretion, the court of appeal then proceeded to fix an award of general damages calculated as “the lowest amount within the jury’s discretion and consistent with the special damages award,” in accordance with this court’s directive in Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La. 1976) (“Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the [damage] award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court.”). Thibodeaux, 15-0503 at 11, 189 So.3d at 478. Because this approach seemed to conflict with the result in Green v. K-Mart Corp., 03-2495 (La. 5/25/04), 874 So.2d 838 (a case in which this court found an abuse of discretion in the jury’s failure to award general damages despite awarding a substantial amount for past and future medical expenses, and then affirmed the court of appeal’s de novo assessment of damages unconstrained by Coco’s high/low limitations), we granted[1] this writ “to determine whether the court of appeal properly assessed damages under the principles set forth in Coco v. Winston Industries, Inc.,” Thibodeaux v. Donnell, 16-0570 (La. -V-/2016), slip op. at 1.
The issue we granted the writ to resolve is relatively straightforward. Unfortunately, the majority’s resolution of that issue is not as straightforward.
After describing the competing approaches to appellate review of damages set forth in Coco and Mart v. Hill, 505 So.2d 1120 (La. 1987), the majority re-frames the issue this court granted the writ to address as whether “the proper standard of review for an assessment of damages under [the] circumstances [of this case] is abuse of discretion or manifest error.” Thibodeaux, slip op. at 9. However, this court previously answered that question, and it did so in cases discussed but ultimately dismissed by the majority as being inapplicable here.
In Wainwright v. Fontenot, 00-0492 (La. 10/17/00), 774 So.2d 70, this court was *285 “faced with the somewhat anomalous situation in which a jury has determined that the defendant is both legally at fault for the plaintiffs injuries and liable to him for his medical expenses incurred, yet has declined to make any award at all for general damages, ie., pain and suffering,”—the precise situation presented in this case. Id., 00-0492 at 6, 774 So.2d at 74. Therein, the court reasoned:
[A] jury, in the exercise of its discretion as factfinder, can reasonably reach the conclusion that a plaintiff has proven his entitlement to recovery of certain medical costs, yet failed to prove that he endured compensable pain and suffering as a result of defendant’s fault. It may often be the case that such a verdict may not withstand review under the abuse of discretion standard. However, it would be inconsistent with the great deference afforded the factfinder by this court and our jurisprudence to state that, as a matter of law, such a verdict must always be erroneous. Rather, a reviewing court faced with a verdict such as the one before us must ask whether the jury’s determination that plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion. Only after the reviewing court determines that the factfinder has abused its much discretion can that court conduct a de novo review of the record.
Wainwright, 00-0492 at 8-9, 774 So.2d at 76 (emphasis added). The Wainwright decision is not an outlier. Rather, it was followed by Green v. K-Mart Corp., supra, which affirmed that the standard of review in a case such as this one is abuse of discretion. Id., 03-2495 at 7, 874 So.2d at 843—44 (“When, as here, the jury has awarded special damages but has declined to award general damages, the reviewing court must determine whether the jury’s finding ⅛ so -inconsistent as to constitute an abuse of discretion.’ Wainwright, 00-0492 at 8-9, 774 So.2d at 76. If so, only then can the reviewing court perform a de novo review of the record. Id.”).
Rather than adhere to the abuse of discretion standard of review dictated by Wainwright and Green, the majority recasts the issue as one involving the jury’s “causation” or liability determination, thereby avoiding the deference due the jury’s |4assessment of damages entirely. By tying the jury’s award of damages to the liability determination, the majority errs both legally and factually.
In a negligence action, the plaintiff bears the burden of proving fault, causation, and damages. Wainwright, 00-0492 at 5, 774 So.2d at 74. In reviewing an award of damages, the court of appeal does not necessarily disturb the determinations of fault and causation, as the majority here implies. Rather, as we have explained, the jury’s determinations of fault and causation establish liability, and liability implies some damage, but not specifically which damage or how much. See Hall v. Brookshire Bros., Ltd., 02-2404, 02-2421, p. 11-12 (La. 6/27/03), 848 So.2d 559, 567. Having proven the defendant’s fault caused damage, a plaintiff must further prove what damage, by kind and seriousness, was caused by defendant’s fault. Id.
In this case, the majority looks to the interrogatories submitted to the jury and essentially concludes that the jury made no finding as to this latter determination-the extent to which Mrs. Thibodeaux’s damages were causally related to the bladder repair-and that in order to reach that determination, the court must re-visit the liability determination (the fault and causation interrogatories). See Thibodeaux, slip op. at 10-11. In short, the majority reasons *286 that, because there was no separate interrogatory expressly addressing the “scope or extent of causation,” any alteration of the jury award of damages necessarily entails alteration of the liability or “causation” determination. Id. at 11. Otherwise, the majority seems to imply that the verdict form, as written, allocates to defendant liability for all of the damages claimed by Mrs. Thibodeaux, an allocation that is belied by the failure of the jury to award any amounts for, by way of example, permanent disability (which Mrs. | [¡Thibodeaux asked for, but'which the jury did not award). See Thibodeaux, slip op. at 4.
The problem with the majority’s analysis is that it overlooks the fact that there was a line (in fact there were several lines) on the verdict form in which the jury was asked to resolve the precise question regarding the “scope or extent” of the injuries sustained by Mrs. Thibodeaux that the majority suggests was overlooked.[2] Those lines appear in Interrogatory No. 5, which asked: “What amounts of money would fully and fairly compensate Kimberly Thi-bodeaux, Todd Thibodeaux and Gabrielle Thibodeaux for the damages they sustained as a result of the breach of the applicable standard of care?” This interrogatory, and the answers thereto, represent the jury’s determination as to the scope and extent of the damages sustained by Mrs. Thibodeaux as a consequence of defendant’s breach of the applicable standard of care. It is this “mixed factual-legal determination by the jury (that the tort victim is entitled to reasonable medical expenses for immediate medical consultation and treatment, but not for the further treatment or for general damages) [that] is entitled to great deference,” under the abuse of discretion standard of review announced in Wainwright. See, Wainwright, 00-0492 at 1, 774 So.2d at 78 (Lemmon, J., subscribing to the opinion and assigning additional reasons).
Thus, I respectfully disagree with the majority’s determination that the standard of review in this case (insofar as the award of damages to Mrs. Thibodeaux is concerned) is manifest error. I believe, consistent with Wainwright and Green, that in this case in which the jury has awarded special damages but declined - to award |figeneral damages, it is the task of the reviewing court to 'determine whether the jury’s finding “is so inconsistent as to constitute an abuse of discretion.” See Wainwright, 00-0492 at 8, 774 So.2d at 76.
In this regard, and as Wainwright notes, it is plaintiffs burden to affirmatively, establish, by a preponderance of the evidence, that plaintiff (in this case, Mrs. Thibodeaux) is entitled to general damages for pain and suffering. See Id., 00-0492 at 10, 774 So.2d at 77. On review, the proper inquiry is whether there was evidence in the record from which the jury could reasonably conclude that defendant’s bladder repair, which required treatment in the form of a second surgery to remove the errant sutures, resulted in no compen-sable pain and suffering.' As the court of appeal notes, the evidence on this point does not support such a finding. That evidence establishes that after completing the surgery, successfully delivering Mrs. Thi-bodeaux’s daughter, and stanching her profuse bleeding by means of the emergency (and life-saving) hysterectomy, defendant ordered a post-operative intravenous pyelogram (IVP) to determine if the bladder repair was successful. During the three to four-hour period in which the test *287 results were pending, Mrs. Thibodeaux, who was producing little urine, experienced severe abdominal pain. When the test results revealed that the bladder sutures were obstructing Mrs. Thibodeaux’s ureters, defendant consulted urologist Dr, Robert Alexander, who,' after confirming the obstruction, re-opened Mrs. Thibo-deaux’s bladder, removed defendant’s sutures, and repaired the bladder laceration, removing some dead tissue from the bladder in the process. Dr. Alexander inserted stents into Mrs. Thibodeaux’s ureters and a suprapubic catheter into her bladder to facilitate urine drainage. Mrs. Thibodeaux remained hospitalized for five days; The catheter was |7removed by Dr. Alexander in a follow-up visit on December 9, 2003.[3] The removal of the stents followed shortly thereafter, on December 17, 2003.
Mindful of Wainwright’s reluctance to adopt a bright line rule regarding when a jury’s award of medical expenses but no general damages will be so inconsistent as to constitute an abuse of discretion,[4] I nevertheless agree with the court of appeal’s assessment that, under the particular facts of this case, where the jury determined through its award of medical expenses totaling $60,000 that Mrs. Thi-bodeaux suffered injuries causally related to the bladder repair that necessitated medical treatment, and where the evidence establishes that medical treatment caused Mrs. Thibodeaux to endure some degree of pain and suffering, the failure to, award general damages was an abuse of discretion. ■
Given this conclusion, the question’that presents itself is the one this court granted writs to resolve: whether, after finding an abuse of discretion in the jury’s failure to award general damages, the appellate court, in reviewing the evidence and rendering an appropriate award, is nevertheless constrained by the principles of deference announced in Coco to the lowest amount of general damages associated with those injuries reasonably within the jury’s discretion. I find that Coco is directly applicable here. This court’s decisions in Wainwright and Green firmly establish that, in a case such as this one, where the jury has determined that the defendant is both legally at fault for the plaintiffs injuries and liable for medical expenses incurred, yet has declined to make any award at all for general damages, the standard of review is abuse of discretion. Sinee correction of the damage award 18is based on finding an abuse of discretion, under Coco, the reviewing court is necessarily limited to raising the inadequate general damage award to the lowest amount reasonably within the jury’s discretion, because, as this court cautioned in Coco: “It is never appropriate for a Court of Appeal, having found' that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence.” Coco, 341 So.2d at 335.[5]
*288 As a result, and based on the foregoing, I respectfully disagree with the majority’s determination that the court of appeal erred in its review and award of general damages to Mrs. Thibodeaux. For the reasons expressed above, I believe the court of appeal properly assessed the award of general damages under the principles set forth in Coco.
However, while disagreeing with the majority as to the general damage award, I agree with the majority’s conclusion regarding the court of appeal’s review of the claims for loss of consortium.[6] As the majority notes, in its answers to the | interrogatories on the verdict form, the jury specifically found that defendant’s breach of the applicable standard of care did cause injury to Mrs. Thibodeaux, but that it did not cause a loss of consortium to either Mr. Thibodeaux or daughter Gabrielle. In other words, the jury determined that the loss of consortium claims were not causally related to the bladder repair. Under these circumstances, and as explained in Mart v. Hill, the court of appeal, upon finding manifest error in the jury’s failure to award damages for the loss of consortium claims, was not constrained by Coco in its res nova award of damages. See Mart, 505 So.2d at 1128 (“Coco applies when an appellate court is asked to correct a fact finder’s abuse of discretion in assessing the appropriate monetary award for a given injury. The principles are not applicable when a res nova review of quantum must be made to compensate a plaintiff for damages which the trial court did not believe were causally related to the accident.”).
While I agree with the majority’s determination that the court of appeal erred in assessing damages for the loss of consortium claims of Mrs. Thibodeaux’s husband and daughter according to the principles of Coco, I respectfully disagree with its decision to remand this case to the court of appeal for the purpose of having that court reconsider its awards. It is a long-standing precept of this court that “[wjhere a finding of fact is interdicted because of some legal error implicit in the fact finding process or when a mistake of law forecloses any finding of fact, and where the record is otherwise complete, the appellate court should, if it can, render judgment on the record.” See Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707, 708 (La. 1980); See also, Gonzales v. Xerox Corporation, 254 La. 182, 320 So.2d 163, 165-66 (1975). The majority offers no explanation for why it is appropriate to deviate from this practice in the present case.
|inThis court has before it a complete record. That record fully supports the jury’s determination, evidenced by its decision to award medical expenses but no general and no permanent disability dam *289 ages to Mrs. Thibodeaux, that defendant is not responsible for all of the problems from which Mrs. Thibodeaux suffers.
Dr. Alexander, Mrs. Thibodeaux’s treating urologist, testified that when he freed her ureters from the sutures, they were intact. He placed stents in the ureters to shore them up, as a kind of safety net in case there was some minimal undetected damage, and inserted a suprapubic catheter as an additional precaution. The surgery was performed on November 20, 2003. Mrs. Thibodeaux returned to Dr. Alexander in December 2003, and, over two visits, he successfully removed the catheter and stents. A cystoscopy performed at the time revealed that Mrs. Thibodeaux had a reduced bladder capacity, but the bladder and ureters were functioning properly.
Unfortunately, Mrs. Thibodeaux developed irritative bladder symptoms (including having to urinate every 30 to 60 minutes). In April 2004, Dr. Alexander performed another cystoscopy in which he noted the presence of scar tissue, but observed that the ureters were normal and unobstructed. At this time, Dr. Alexander attempted to distend the bladder in hopes of providing relief from the symptoms of urinary frequency and pressure. It was on this examination that Dr. Alexander diagnosed Mrs. Thibodeaux with interstitial cystitis, a condition of the bladder lining characterized by symptoms such as excessive urinary frequency, pain related to bladder fullness, and painful intercourse. While he prescribed medications to alleviate the symptoms, none proved to be effective. It was the treating physician, Dr. Alexander’s, opinion that the interstitial cystitis is unrelated to the bladder repair.
1, plaintiffs’ expert witness was ob/gyn Dr. Fred Duboe. Dr. Duboe opined that defendant’s error in blocking the ureters with sutures necessitated a second surgery, produced some devascularized tissue which had to be extracted and resulted in scar tissue and a reduced bladder size. While Dr. Duboe opined that Mrs. Thibo-deaux’s reduced bladder size and symptoms of urinary frequency were related to the bladder repair, as to her interstitial cystitis, the connection “was not as clear.”
Given the foregoing, there is ample record evidence to support the determination that the more significant and long term problems from which Mrs. Thibodeaux suffers are not related to the bladder repair, but to her subsequent diagnosis of interstitial cystitis. Accordingly, any loss of consortium, service and society experienced by Mr. Thibodeaux and daughter Gabrielle is logically and necessarily limited to losses sustained prior to the diagnosis of that interstitial cystitis. After reviewing the record de novo, and being constrained by the fact that defendant did not apply for relief in this court and, thus, cannot obtain a more favorable verdict,[7] I would simply affirm the amounts awarded by the court of appeal for loss of consortium, as I believe those amounts more than fully compensate Mr. Thibodeaux and Gabrielle for the limited losses they sustained.
Thus, I respectfully dissent from the majority’s ruling in this case.
Finally, in doing so, I note as an aside that, if we were not constrained in our review by the fact that defendant did not apply for relief in this court, I would be hard pressed to find that defendant deviat *290 ed from the-appropriate standard of care in his treatment of Mrs. Thibodeaux. Certainly, the jury was not convinced , of such, 118as the verdict in this case well could be a classic compromise verdict-one in which sympathy for Mrs. Thibodeaux’s plight compelled the jury to award her medical expenses, but no general damages, precisely because the jury was not convinced that defendant was responsible for her injuries.[8] Indeed, it is unlikely the jury, having found liability, simply overlooked the obvious lines on the verdict form relative to general damages. Furthermore, the evidence in this ease strongly supports the conclusion ■ that defendant was not negligent, but responded appropriately given the difficult circumstances presented. When a party does not appeal a jury verdict or apply for writs in this court, we are constrained from altering the jury verdict in a manner favorable to him.[9] However, a party may argue in defense of a claim-that the amounts awarded by the court of appeal should not be increased-any record facts that support such a conclusion. Roger v. Estate of Moulton, 513 So.2d 1126, 1136 (on reh’g) (“A party who is satisfied with a judgment, and' who does not file a notice of appeal or a petition for review, is, nevertheless, a party to the appeal or review whose arguments must be heard, and in support of the judgment in his favor he may present any argument supported by the record, whether it was ignored, or flatly rejected, by the court below.”).

. Thibodeaux v. Donnell, 16-0570 (La. 6/3/16), 192 So.3d 756.

. While I agree with the majority’s assessment that a more detailed verdict form would have made the analysis in this case easier, I do not find that the absence'of a more detailed version inhibits our review to the extent the majority suggests.

. The surgery itself was performed on November 20, 2003.

. See Wainwright, 00-0492 at 8-9, 774 So.2d at 76-77.

. Admittedly, .there is loose language in both Wainwright and Green that might suggest the opposite conclusion. However, Wainwright’s reference to. a de novo review ("[o]nly after the reviewing court determines that the fact-finder has abused its much discretion can that court conduct a de novo review of the record”) was clear dicta, as the court did not find an abuse of discretion on the jury's part and,- thus, did not find it necessary to assess damages. Wainwright, 00-0492 at 8-9, 774 So.2d at 76. To the extent that the court’s decision in Green to affirm the court of appeal’s de'novo assessment of general damages unconstrained by Coco rather than remand for a new damage determination consistent with Coco’s limitations might suggest that Coco does not apply once an abuse of discre *288 tion is found, I believe that such a suggestion is unwarranted. See id., 03-2495 at 8, 874 So.2d at 844. There is no indication that the court of appeal’s failure to apply Coco in its de novo review and award of general damages in Green was assigned as error or raised as an issue before this court; therefore, the prec-edential value of this court’s decision simply affirming the court of appeal’s damage award is questionable. The court certainly did not address the issue directly.

. I agree with the majority’s conclusion only insofar as it finds that once the court of appeal found legal error in the jury’s conclusion that defendant’s actions did not cause Mr. Thibodeaux or daughter Gabrielle to suffer a loss of consortium, the assessment of damages was not constrained by Coco. I do not necessarily agree with the majority that the jury erred in finding that no loss of consortium was proved in the first instance. However, the court of appeal so found, and defendant did not apply to this court for a writ. As a result, this court cannot alter the court of appeal’s liability determination to favor defendant.

. See Granger v. Christus Health Central Louisiana, 12-1892, p. 47 (La. 6/28/13), 144 So.3d 736, 770 ("When a writ of certiorari or review is granted at the instance of one of the parties to a suit, to consider a complaint of a judgment of the court of appeal, an opposing party to the suit, who has not applied for writ of review, cannot have the judgment amended for his benefit.”)

. Interestingly, at a hearing on the cross-motions for JNOV filed by the parties, the trial judge acknowledged having had a discussion with one juror.who had indicated the jury wanted to exonerate defendant, but still award plaintiff’s medical expenses. However, as the trial judge explained, there was no formal record made on this point and there is no indication how many jurors felt that way,

. See Granger, 12-1892 at 47, 144 So.3d at 770.